Seymour BERMAN, Ralph Cohen and Hattie Robinson

v.

Stanley PLOTKIN (Ralph Cohen, Third-Party Defendant).

Civ. A. No. 24764.

United States District Court
E. D. Pennsylvania.
April 24, 1959.

Klovsky & Kuby, Philadelphia, Pa., for plaintiffs.

LaBrum & Doak, Philadelphia, Pa., for defendant Stanley Plotkin.

Duane, Morris & Heckscher, Philadelphia, Pa., for defendant Ralph Cohen (Third-Party).

CLARY, District Judge.

The question posed to the Court in this proceeding is whether by the terms of a general release executed by the defendant and third-party plaintiff to the third-party defendant he effectively relinquished his right to claim contribution from the third-party defendant for injuries sustained by third parties in the same accident.

The accident out of which this suit arose occurred on April 8, 1958, at the intersection of 11th and Norris Streets, Philadelphia, Pennsylvania. Stanley Plotkin was the driver of one car and Ralph Cohen the driver of the other car. Cohen's insurance carrier, after the accident, settled the claim of defendant Plotkin and his wife by payment to them of $200 and took a general release. About a week prior to the settlement with the Plotkins, Cohen and two passengers instituted suit in this Court against the original defendant. The action by Ralph Cohen was severed and he was joined as a third-party defendant. In his amended answer defendant Cohen pleaded the above-mentioned release as an affirmative defense and has moved for summary judgment.

At oral argument counsel explicitly eliminated from consideration the question of fraud, accident or mistake, and stated that in his opinion the only question involved is one of law for determination by the Court. Counsel for Plotkin has sought earnestly to convince the Court that the language of the release did not cover third-party liability and has sought to bring the interpretation of the release within the ambit of Kent v. Fair, 1958, 392 Pa. 272, 140 A.2d 445. On the other hand, counsel for third-party defendant Cohen has just as earnestly sought to convince the Court that this release falls within the rule enunciated in Killian v. Catanese, 1954, 375 Pa. 593, 101 A.2d 379.

An examination of the Fair case reveals that the release under consideration in that case specifically limited the liability released to any damage, loss or injury sustained by the releasors in the accident. There was an attempt in that case to expand the legal effect of the release to include the type of liability here attempted to be asserted, viz., third-party liability. The court there held by its very terms the general language of the release had been limited specifically to the claims for personal injuries and damages sustained by the releasors and permitted third-party liability to be asserted.

In the Killian case just the opposite conclusion was reached. The lower court, in an opinion affirmed per curiam by the Supreme Court, held that the language used was extremely broad; that no attempt was made to limit the scope of the release to claims and demands of the original defendant; and that any attempt to impose on the additional defendant further liability for injuries to third parties was barred by the terms of the release. See also Davis v. Miller, 1956, 385 Pa. 348, 123 A.2d 422.

An examination of the release in the instant case reveals that the language is as broad as that in the Killian case. It releases third-party defendant from any and all actions, causes of action, claims, etc., of *whatever kind or nature* in any way growing out of "any and all known and unknown personal injuries, death and property damage resulting or to result from the accident * * *." It specifically did not limit its effect to the injuries sustained by the Plotkins.

Its broad and comprehensive language, therefore, by its terms includes the situation here involved.

In the opinion of the Court the original defendant Plotkin has effectively released any liability which third-party defendant Cohen may have had to him including the right to attempt to seek contribution for injuries to third parties. The attempt in the Kent case to have the Court read the release as all-enveloping and all-sweeping failed because of delimiting language not present here. Failure to include such language in the release under consideration indicates an opposite conclusion. The opinion of Mr. Justice Musmanno in the Kent case, 392 Pa. at page 276, 140 A.2d at page 447, appropriately states:

> "A person who accepts money from a person against whom he has or may have a claim has it within his power to write into the release what he pleases and, in the absence of accident, fraud, or mistake, he is bound by what he writes."

In view of what has been said above, the motion for summary judgment will be granted.