747 F.2d 1228
 Earnest C. JOHNSON and Sheranne J. Johnson, Appellees,
v.
R.G. SHOWERS, Appellee,
v.
The NATIONAL FLOOD INSURANCE PROGRAM, a Department of the
Federal Emergency Management Agency, Appellant.
 No. 83-2416.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1984.
Decided Nov. 8, 1984.
 
 J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Robert C. Ulrich, U.S. Atty., Vermillion, S.D., Robert E. Kopp and Douglas Letter, Dept. of Justice, Washington, D.C., for appellant.
 No brief was filed on behalf of appellees.
 Before BRIGHT, John R. GIBSON and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 The question presented in this case is whether the district court properly taxed costs of removal proceedings to the government after the government removed the case from state to federal court under 28 U.S.C. Sec. 1442(a)(1) and then succeeded in having the case against it dismissed on federal jurisdictional grounds. Because we disagree with the district court's determination that the case was removed improvidently, we reverse the taxation of costs against the government.
 
 
 2
 Earnest and Sheranne Johnson sued R.G. Showers in state court for Showers' negligent failure to obtain flood insurance for the Johnsons. Showers sought indemnification from the Federal Emergency Management Agency (FEMA), claiming that FEMA officials negligently failed to process his insurance application. FEMA removed the action to federal district court and then moved for dismissal of Showers' third-party complaint for lack of jurisdiction. Because the district court treated removal as taken under section 1442(a)(1) based on the government's unopposed view that the action should be deemed as one brought against FEMA's Director, we will treat the action as one brought against a federal officer.
 
 
 3
 The district court construed the third-party complaint as one for negligence, 28 U.S.C. Sec. 1346(b), and determined that federal jurisdiction was exclusive. Because removal jurisdiction is derivative, and the state court was without jurisdiction, the district court did not acquire subject matter jurisdiction upon removal. Koppers Co. v. Continental Casualty Co., 337 F.2d 499, 501-02 (8th Cir.1964). Accordingly, the district court dismissed the third-party complaint and remanded the case between the Johnsons and Showers to state court.
 
 
 4
 The district court went on to tax the costs of the removal proceedings to the government under 28 U.S.C. Sec. 1447(c) on the ground that FEMA's motion to dismiss should have been filed in the state court. The government appeals, claiming that taxing of costs under section 1447(c) is inconsistent with Congress' grant of the right to remove cases brought against federal officers to federal courts under section 1442(a)(1). It argues that ensuring a federal forum for litigation of official defenses is precisely the purpose of section 1442(a)(1). Willingham v. Morgan, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). We agree.
 
 
 5
 Section 1447(c) allows the district court to remand a case to state court and assess costs of the removal proceeding "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." Judged on the face of the complaint, FEMA's Director's exercise of his right to removal was proper. See Willingham v. Morgan, supra, 395 U.S. at 406, 89 S.Ct. at 1815. The fact that the Director is a third-party defendant does not defeat removal under section 1442(a)(1). IMFC Professional Services, Inc. v. Latin American Home Health, Inc., 676 F.2d 152, 156 (5th Cir.1982). Nor does the district court's lack of subject matter jurisdiction over the claim against the federal officer defeat section 1442(a)(1) removal jurisdiction. Section 1442 "itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." IMFC Professional Services, supra, 676 F.2d at 156. The district court's dismissal of the third-party complaint for lack of subject matter jurisdiction does nothing to alter the government's compliance with the requirements of section 1442(a)(1).
 
 
 6
 Because removal of this case by NFIP was not improvident or without jurisdiction, we reverse the district court's assessment of costs against the government.