Gerald **THOMPSON**, and Cynthia **Thompson, husband and wife**

v.

Daphne **WHEELER**, defendant and John D. **Risse, additional defendant.**

**Appeal of Daphne WHEELER.**

No. 89–5788.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 5, 1990.

Decided March 21, 1990.

Richard H. Wix, Theresa L. Shade, Wix, Wenger, Weidner & Gunnison, Harrisburg, Pa., for appellant.

James J. West, U.S. Atty., Robert J. De-Sousa, Asst. U.S. Atty., Scranton, Pa., for John D. Risse and the U.S.

Before GREENBERG, SCIRICA, and SEITZ, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Defendant-third party plaintiff Daphne Wheeler appeals from an order of August 28, 1989, granting a motion by third party defendant John D. Risse to dismiss Wheeler's complaint against him. The germane facts and procedural history of this case are as follows.

On December 19, 1986, Wheeler was operating an automobile near New Buffalo, Pennsylvania. At the same time Risse, a Deputy United States Marshal, was operating a motor vehicle within the scope of his employment transporting Gerald Thompson, a federal prisoner. The Wheeler and Risse vehicles collided, apparently causing an injury to Wheeler who consequently instituted an action against Risse in the United States District Court for the Middle District of Pennsylvania. This action was defended by the United States Attorney as it was effectively against the United States. *See* 28 U.S.C. § 2679. The United States counterclaimed but on July 19, 1988, the parties to the Wheeler–Risse action entered into a stipulation of compromise settlement pursuant to 28 U.S.C. § 2677 which provided that they agreed "to settle and compromise" the Wheeler–Risse litigation for $13,500 to be paid by the United States to Wheeler. The payment was recited in the stipulation to:

> be in full settlement in satisfaction of any and [all] claims the said Daphne C. Wheeler now has or may hereinafter acquire against the Defendant, the United States of America on account of the incident or circumstances giving rise to this suit, including any potential claim Wheeler might have for damages rendered to the vehicle driven by her on the occasion alleged in the Complaint.

The stipulation further provided:

> That DAPHNE C. WHEELER agrees to accept thirteen thousand five hundred dollars ($13,500.00) in full settlement and satisfaction of any and all claims and demands which she or her heirs, executors, administrators, successors or assigns may have against the Defendant, the United States of America pursuant to the provisions of the Federal Torts [sic] Claims Act, 28 U.S.C. § 2671, *et seq.*, on account of the incident or circumstances giving rise to this suit, namely the matters alleged in the Complaint filed herein inclusive of the automobile damage noted in paragraph 2 above.

Of course, the stipulation provided for the dismissal of both the complaint and counterclaim with prejudice and, after it was filed with the court, the Wheeler–Risse action was dismissed.

Subsequently, Gerald Thompson and Cynthia Thompson, his wife, brought an action in the Court of Common Pleas of Perry County, Pennsylvania, against Wheeler because of the injuries to Gerald Thompson arising from the accident. Thereafter Wheeler, in accordance with Pennsylvania practice, made Risse an additional or third party defendant as Wheeler sought contribution from him. On July 7, 1989, Risse filed a petition for removal of the action to the United States District Court for the Middle District of Pennsylvania, reciting in the petition that it was filed

under 28 U.S.C. § 1442. Risse asserted that he had acted under color of federal office and thus Wheeler's claim was in reality a claim against the United States. The petition further recited that the United States "will raise federal defenses if this matter goes to trial."

At the same time that he filed the removal petition, Risse moved to dismiss Wheeler's claim with prejudice, predicating his motion on the release given by Wheeler in the stipulation of settlement of her action. By an order and opinion of August 28, 1989, the district court granted this motion. The district court reasoned that as Risse was engaged in his official duties at the time of the accident the claim against him was really against the United States under the Federal Tort Claims Act. It indicated that the release barred the claim for contribution as it was in full satisfaction of any and all claims that Wheeler "now has or may hereafter acquire." It pointed out that Wheeler was represented by counsel who also signed the stipulation of settlement and that inasmuch as the release was given "in the context of a multi-vehicle accident" the parties were aware of the possibility of future claims. Thus, the court reasoned that "it would have been a simple matter to exclude [future claims] if that is what the parties intended." The court cited *Berman v. Plotkin*, 172 F.Supp. 214 (E.D.Pa.), *aff'd*, 271 F.2d 416 (3d Cir. 1959), in support of its result.

The district court recognized that in *Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199 (1967), the Supreme Court of Pennsylvania held that a third party defendant could not obtain a dismissal of a claim for contribution asserted by the original defendant even though the third party defendant had settled the defendant's direct claim against her for $450 and had obtained a release from him. But the district court distinguished *Restifo* on the grounds that the release in that case referred only to *existing* claims and that the defendant in *Restifo*, against whom the release was asserted was, unlike Wheeler, not represented by an attorney when his settlement was reached. The district court remanded the matter to the Common Pleas Court as it concluded that after the dismissal of the claim against Risse there was no basis for federal jurisdiction. Wheeler's appeal followed.

When this panel examined the matter we had certain concerns regarding the jurisdiction of the district court of which we were constrained to take note. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). It appeared to us that while the petition for removal was filed pursuant to 28 U.S.C. § 1442 it might have been more appropriate under 28 U.S.C. § 2679(d) as the claim against Risse and the United States was based on the Federal Tort Claims Act. Furthermore, removal under 28 U.S.C. § 1442 raised a problem since the district court might not have had subject matter jurisdiction based upon that section unless somehow the assertion of the release as a bar to Wheeler's claim raised a colorable federal defense. *See Mesa v. California*, — U.S. —, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). However, we recognized that 28 U.S.C. § 1653, which permits amendment of defective allegations of jurisdiction in the trial or appellate courts, could probably be invoked here if the case was removed under the wrong section. We also questioned whether the circumstance that Risse was not an original defendant precluded exercise of removal jurisdiction. We thus had the clerk of the court address a letter to the parties addressing these concerns.[1]

We received a response from the government through the United States Attorney contending that the matter could be removed under either 28 U.S.C. § 1442(a)(1) or 28 U.S.C. § 2679(d). It asserted that the case involved a colorable federal defense, "[t]he construction of the Federal Tort Claims Act and how it might immunize federal officers in the line of their duty." The government, however, advanced a new contention that even though the matter

---

**1.** In addition we raised a question as to the validity of the verification of the petition of removal if considered under 28 U.S.C. § 2679(d) but the responses of the parties have satisfactorily resolved that matter and thus we do not discuss it further.

was properly removed, the district court did not have subject matter jurisdiction as Wheeler had not filed an administrative claim as required by 28 U.S.C. § 2675(a). While the government recognized that the claim provisions of 28 U.S.C. § 2675(a) "shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim," it contended that this proviso was not applicable as the claim against Risse was asserted in the state court, rather than in the district court. Thus, in an unusual change from its position in the district court in which it sought and obtained a dismissal on the merits and in its brief before us in which it urged that we affirm the order of August 28, 1989, the government asked us to remand the matter to the district court to dismiss the claim against Risse for want of subject matter jurisdiction.

Wheeler's response to our inquiry was that it was doubtful that the district court had removal jurisdiction under 28 U.S.C. § 1442, as the government's primary defense was grounded on a release, which she did not consider "a federal defense." Furthermore, she questioned whether driving a vehicle was an act "under color" of federal office within 28 U.S.C. § 1442(a)(1). *But see Mesa*, 109 S.Ct. at 962. In addition, she contended that Congress intended the removal authority in 28 U.S.C. § 2679(d) to be exclusive. She urged, however, that removal under the wrong section did not deprive the district court of jurisdiction and that, in any event, under 28 U.S.C. § 1653 a

defective allegation of jurisdiction can be amended on appeal. She also asserted that the fact that Risse was a third party defendant rather than an original defendant did not preclude removal of the matter to the district court under 28 U.S.C. § 2679(d).

■ We are satisfied that the matter was properly removed because Risse was operating a motor vehicle within the scope of his employment at the time of the incident out of which the suit arose and was sued in a civil action in a state court, a situation precisely within the removal jurisdiction provided for in 28 U.S.C. § 2679(d). Furthermore, nothing in that section limits its application to cases in which the government employee was an original defendant and the inference we draw from 28 U.S.C. § 2679(c), that the Attorney General shall defend "any civil action or proceeding brought in any court" against the employee, suggests that there is no such limitation.[2] *See also Mignogna v. Sair Aviation, Inc.*, 679 F.Supp. 184, 188 (N.D.N.Y. 1988) ("To adopt an inflexible rule barring removal by third party defendants ... would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action.").

On the other hand, we have some doubt as to whether the case was properly removed under 28 U.S.C. § 1442. While Risse raises the Federal Tort Claims Act as the source of his federal defense, and that Act does provide for the compromise of

---

**2.** There is some disagreement as to whether the general removal statute, 28 U.S.C. § 1441(c), authorizes removal by third-party defendants. *Compare Thomas v. Shelton*, 740 F.2d 478, 487–88 (7th Cir.1984) *with Carl Heck Engineers Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135–36 (5th Cir.1980). However, while the cases involving removals by third-party defendants under section 2679(d) are few, the courts have had no difficulty concluding that federal officers and agencies, as third-party defendants, may remove cases within the Federal Tort Claims Act under section 1442(a). *See, e.g., Johnson v. R.G. Showers*, 747 F.2d 1228, 1229 (8th Cir.1984); *Goodrich v. Burlington Northern R. Co.*, 701 F.2d 129, 130 (10th Cir.1983).

We note that upon reaching the federal forum, both *Johnson* and *Goodrich* were subject to

dismissal because section 1346(b) confers exclusive jurisdiction on the federal courts to hear cases within the Federal Tort Claims Act so that the state courts lacked subject matter jurisdiction over the third-party complaints and, therefore, the district courts could acquire none upon removal. We are not concerned with that circumstance here as under section 2679(d), federal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment. The possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction. To the contrary, in enacting section 2679, Congress anticipated that suits initially would be brought in state court. *McGowan v. Williams*, 623 F.2d 1239, 1242 (7th Cir.1980).

claims, in general there are no particular federal overtones in releases following vehicular accidents and we are not certain that a plea of release may be regarded as advancing a colorable federal defense. Thus, *Mesa v. California,* 109 S.Ct. at 959, may be controlling on the point and preclude removal under 28 U.S.C. § 1442, even if Congress did not intend 28 U.S.C. § 2679(d) to be the exclusive basis for removal of cases within its ambit. We need not, however, definitely resolve this issue as we are treating the government's response to our jurisdictional inquiry, that the matter could have been removed under 28 U.S.C. § 2679(d), as a request that we amend a defective allegative of jurisdiction as allowed by 28 U.S.C. § 1653. We will do that and thus are treating the petition for removal as including section 2679(d) as a basis for district court jurisdiction. *See Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. at 187; *Walker v. Gibson,* 604 F.Supp. 916, 919 (N.D.Ill.1985). Accordingly, the case was properly removed to the district court.

■ We also hold that Wheeler's failure to file an administrative claim as ordinarily required by 28 U.S.C. § 2675(a) is not a bar to the third party complaint. That subsection includes a proviso that it shall not apply to claims "as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." Under Fed.R.Civ.P. 14(a) a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not party to the action "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff," exactly the type of claim which Wheeler asserted against Risse.

The government seeks to avoid the plain language of 28 U.S.C. § 2675(a) by arguing that the proviso is applicable only if the claim against the third party defendant is *in fact* asserted under Fed.R.Civ.P. 14. That, however, is not what the section says

as it refers to claims "as may be asserted" under the Federal Rules of Civil Procedure. Thus, it seems to us that Congress was simply defining the types of claims that are exempted from the administrative claim requirement and not distinguishing between cases initially brought in the federal courts and those initially properly brought in the state courts. We think that if Congress had intended to limit the proviso to claims that are *in fact* asserted under the Federal Rules of Civil Procedure it would have said so. Under the government's theory if the Thompsons had been able to bring their action against Wheeler in the district court invoking diversity jurisdiction, and had done so, then the administrative filing requirement would not have been applicable to Wheeler's claim against Risse. It is difficult to understand why Congress would have made such a federal-state distinction and we do not think it did.

There is yet another procedural problem in this case. Risse styled his motion as a motion to dismiss, not a motion for summary judgment. Thus, not surprisingly, the district court indicated in its order and opinion that it was granting the motion to dismiss. In reality, however, the motion was no such thing for the government was actually seeking summary judgment as it was raising a defense far different from suggesting that the pleadings failed to state a claim upon which relief could be granted against it or Risse. *See* Fed.R.Civ.P. 12(b)(6). Yet the district court did not convert the matter to a motion for summary judgment as allowed by Fed.R.Civ.P. 12(b) and authorize a response from Wheeler on that basis. We, however, need not linger on this point as Wheeler in her brief recognizes that the matter was actually decided as though on a motion for summary judgment and she does not complain of an absence of opportunity to meet the motion.

■ On the merits we will reverse as we regard this matter controlled by *Restifo v. McDonald,* 426 Pa. at 5, 230 A.2d at 1990,[3]

---

**3.** The parties agree that Pennsylvania law governs the effect of the release and we thus decide the case on that basis. *See* 28 U.S.C. § 1346(b).

*See also Denicola v. G.C. Murphy Co.,* 562 F.2d 889, 895 (3d Cir.1977); *Scoggin v. United States,*

cited but not followed by the district court. In *Restifo* Joseph V. Restifo and Eleanor Restifo, a husband and wife, instituted an action on behalf of themselves and their minor children against the Estate of William McDonald for personal injuries and property damage on account of an automobile accident. Apparently McDonald had previously made a claim arising from the same accident against the Restifos as, for a consideration of $450, he had given them a general release of "all claims, demands, damages, actions, causes of action, or suits at law or in equity" for anything the Restifos had done or not done "on account of all injuries both to person or property resulting, or to result" from the accident. Yet in the face of Pennsylvania Supreme Court decisions which precluded it from doing so, McDonald's estate joined Eleanor Restifo as an additional defendant with respect to the claims of the Restifo children on the theory that she was solely liable to them or was at least liable for contribution. She pleaded the release as a reply to the estate's claim, and moved for and obtained a judgment on the pleadings. The Supreme Court of Pennsylvania reversed.

In its opinion the court recognized that unless it overruled its prior decisions it would be constrained to affirm. It further acknowledged that the release could be read "as encompassing the right to seek contribution." 426 Pa. at 8, 230 A.2d at 200. Nevertheless it overruled its precedents and reversed. It pointed out that a long line of Pennsylvania cases had held "that a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given" and, accordingly, "the general words of the release will not be construed so as to bar the enforcement of a claim which has not accrued at the date of the release." *Id.* at 9, 230 A.2d at 201. It indicated that "it would be illogical to assume that, with respect to the right of contribution, there was a meeting of the minds in the instant case" and that the releasing party, "unless he is a lawyer, is unlikely to be cognizant of this potential right, a right which in any event does not accrue until after an action has been instituted against the releasor by a third party." *Id.* at 10, 230 A.2d at 201. It finally pointed out that it was not preventing "the parties from contracting for the release of the right to seek contribution in the event of a lawsuit by a third party" but that the "contract must show that a release of the right to seek contribution was bargained for and within the parties' contemplation." *Id.* at 11, 230 A.2d at 202.

We see no principled way to distinguish *Restifo*. The district court thought that *Restifo* was different because Wheeler's release included claims that she "may hereafter acquire." While we acknowledge that the same language did not appear in the *Restifo* release, that circumstance does not seem to us to be determinative because *Restifo* made clear that the critical question was whether the parties bargained for a release of a claim for contribution and whether its release was within their contemplation. The fact that a release includes claims to be acquired in the future is not suggestive in itself that the parties were negotiating for the release of contribution claims which, after all, are concerned with liability for injuries to persons not privy to the negotiations leading to the release. Rather, we think that a clause dealing with later acquired claims is concerned with injuries and losses to the releasor herself which are not known when the settlement is reached. The fact is that on the record before us there simply is no indication that the parties considered their respective liabilities to Thompson or took into account the extent of his injuries when Wheeler settled her claim.

Accordingly, we conclude that the fact that Wheeler's release included claims to be acquired could be significant only if we adopted a mechanical approach to the meaning of the release and held that by reason of this clause the release as a matter of law included any type of claim accruing after its execution, regardless of the parties' intent. But we are foreclosed from that approach by *Restifo* which established

444 F.2d 74, 75 (10th Cir.1971); *Dickun v. United States,* 490 F.Supp. 136, 138 (W.D.Pa.1980).

that under Pennsylvania law it is the intention of the parties which controls the scope of the release.

We are perplexed by the district court's statement that it was relying on the circumstance that Wheeler's release was given "in the context of a multi-vehicle accident" so that the parties were aware that there could be other claims. While on the record before us we cannot know the details of the accident, we observe that in their briefs the parties describe this case as involving a two-vehicle accident, as was the accident in *Restifo*. Thus, the "multi-vehicle" character of the accident would seem to be a reason for following *Restifo*, not for distinguishing it.

In any event even if there were more vehicles involved here, insofar as claims are concerned this is a two-vehicle situation involving the Wheeler and Risse vehicles, and Thompson was a passenger in one of them. Thus, we do not see why Thompson's claim should have been more foreseeable to Wheeler and the government when Wheeler settled her case than were the claims of the Restifos' children when McDonald settled his case as the children were also passengers in a vehicle involved in a two-vehicle accident.

The district court also indicated that Wheeler was represented by counsel who could have negotiated for a clause reserving her right to contribution. This is undoubtedly correct but does not seem to us to be controlling. While *Restifo* is not clear on the point, we infer from the Supreme Court's reference to an unrepresented releasing party not being cognizant of his potential right to contribution that McDonald did not have an attorney when he gave his release. Our inference is supported by the fact that the consideration for the release was only $450, suggesting even in the 1960's that only a claim for property damage was involved. But it does not follow from the implication that an unrepresented party is particularly unlikely knowingly to release a claim for con-

tribution that a represented party giving a release in settlement of her own claims is likely knowingly to be releasing a claim for contribution in a later action against her by a third party. The scope of her release is still a question of intent and thus the Supreme Court did not indicate that its opinion in *Restifo* was to be followed only if the releasor was unrepresented by counsel.

Furthermore, the government was also represented by an attorney when Wheeler settled and, just as she could have negotiated for language preserving her right to seek contribution, it could have sought to have that right expressly extinguished. In fact in view of the Supreme Court's statement in *Restifo* that it was not preventing the parties "from contracting for the release of the right to seek contribution in the event of a lawsuit by a third party," and the circumstance that in *Restifo* a general release did not extinguish the releasor's contribution claim, when Wheeler and the government negotiated her settlement, they started as a matter of law from the base position that Wheeler's right to seek contribution would survive her execution of a general release unless the release otherwise provided. Thus, if the government was seeking a release of a later claim for contribution it was its burden to seek its release rather than Wheeler's duty to attempt to preserve a possible claim for contribution when her claim was settled.[4]

There is no indication that the Supreme Court of Pennsylvania has retreated from its holding in *Restifo*. To the contrary, in the absence of allegations of fraud, mutual mistake, or undue influence, the Pennsylvania courts have uniformly given effect to the literal language of a release. *See, e.g., Buttermore v. Aliquippa Hosp.*, 522 Pa. 325, 561 A.2d 733, 735 (1989) (releasor relinquished right to sue third parties by executing release which extended to " 'any and all other persons ... whether known or unknown' "); *Brosius v. Lewisburg Craft Fair*, 383 Pa.Super. 454, 557 A.2d 27 (1989) (same); *Voyles v. Corwin*, 295 Pa.Super.

---

**4.** We realize, of course, that *Berman v. Plotkin*, 172 F.Supp. at 214, did support the district court's position. That case, however, was decided before *Restifo* and thus cannot be regarded as authoritative.

126, 441 A.2d 381 (1982) (driver could not be joined as an additional defendant in motorcyclist's medical malpractice suit against physicians because driver's release expressly barred contribution claims against her and no other basis for joinder existed). These cases indicate that, under Pennsylvania law, a releasor is bound by the express provisions of the release. However, under *Restifo*, a court will not broadly construe the terms of the release at the behest of the releasee. *See Kent v. Fair*, 392 Pa. 272, 277, 140 A.2d 445, 448 (1958) ("a release in full can only be a release of what is described in the text of the release.").

It is evident from the foregoing that the order of August 28, 1989, must be reversed. What is not evident is what else we should direct. Wheeler did not herself seek partial summary judgment or seek an order striking the release as a defense. While this circumstance would not necessarily preclude us from now definitively holding that the release does not bar her claim for contribution, we are not certain that the parties have made a complete record on the issue. *See Beck v. Reliance Steel Products Co.*, 860 F.2d 576, 581 (3d Cir.1988). It is possible that the government can produce evidence that when Wheeler's claim was settled it was the actual intent of the parties to extinguish her claim for contribution.[5] In the circumstances we have concluded that we should go no further than to reverse the order of August 28, 1989, and permit the effect of the release to be determined on a remand.

The order of August 28, 1989, will be reversed and the matter will be remanded to the district court for further proceedings consistent with this opinion.

---

5. In this respect we observe that the language of the release regarding future claims may well be considered ambiguous and, therefore, parol evidence may be admissible to determine the intent of the parties. *Z & L Lumber Co. of Atlasburg v. Nordquist*, 348 Pa.Super. 580, 584–86, 502 A.2d 697, 700 (1985); *Metzger v. Clifford Realty Corp.*, 327 Pa.Super. 377, 388–90, 476 A.2d 1, 7 (1984). We, however, do not make a ruling on this point as it is not before us and has not been briefed.