NIEMEYER, Circuit Judge,
dissenting:
Palisades Collections LLC, a collection agency, commenced this action in West Virginia state court by filing a state-law debt collection case against Charlene Shorts for a $794.87 debt incurred by Shorts under her cell phone service contract with AT & T Mobility LLC. Shorts filed a class action counterclaim against Palisades Collections and joined AT & T Mobility LLC and AT & T Mobility Corporation (collectively “AT & T”) as defendants. In the class action counterclaim, Shorts purported to represent 160,000 citizens of West Virginia, alleging that AT & T’s cell phone service contracts violated the West Virginia Consumer Credit and Protection Act, W. Va.Code § 46A-1-101 et seq. and demanding over $16 million in damages.
Relying on the Class Action Fairness Act of 2005 (“CAFA”), Pub.L. No. 109-2, 119 Stat. 4, AT & T removed the case to federal court. See 28 U.S.C. §§ 1332(d), 1453(b).
On Shorts’ motion, the district court remanded the case to the West Virginia state court from which it was removed. The court found that Shorts’ counterclaim class action met all of the jurisdictional requirements of CAFA embodied in 28 U.S.C. § 1332(d)(2) inasmuch as Shorts purported to represent a class of 160,000 West Virginia customers (well over the CAFA minimum of 100 class members); the class claimed in the aggregate a minimum of $16 million in damages (well over the CAFA minimum of $5 million); and minimum diversity, as required by § 1332(d)(2)(A), existed. Most of the class members are West Virginia citizens, whereas AT & T is a citizen of Georgia and Delaware, and Palisades Collections is a citizen of New Jersey and Delaware. See 28 U.S.C. § 1332(c)(1). The district court also found inapplicable CAFA’s home-state exception, which only applies when most class members have the same citizenship as one of the defendants. See 28 U.S.C. § 1332(d)(4). Although the district court thus found that it had removal jurisdiction *338 under § 1332(d), it nonetheless held that CAFA did not give AT & T, as a counterclaim defendant, removal authority under 28 U.S.C. § 1453(b).
AT & T filed this interlocutory appeal under 28 U.S.C. § 1453(c), challenging the district court’s ruling that because AT & T was a counterclaim defendant, it did not have removal authority under CAFA. Shorts supports the district court’s conclusion that CAFA did not provide AT & T with removal authority and also challenges the district court’s finding of removal jurisdiction under § 1332(d).
The majority opinion agrees with the district court that a counterclaim defendant is not granted authority under CAFA, 28 U.S.C. § 1453(b), to remove a class action that otherwise meets the jurisdictional requirements of § 1332(d), and therefore it does not reach Shorts’ jurisdictional argument.
For the reasons stated in this opinion, I conclude that CAFA does indeed authorize AT & T to remove this interstate class action, even though AT & T was sued as a counterclaim defendant, not as an original defendant. Section 1453(b), added by CAFA, expanded removal authority, conferring on “any defendant” the right to remove a “class action.” And removal jurisdiction exists under 28 U.S.C. §§ 1332(d) and 1441, as found by the district court. Accordingly, I respectfully dissent.
I. Removal Authority
Removal of a case from state court to federal court is generally proper when (1) the federal court has removal jurisdiction and (2) the removing party has removal authority. Since the majority rests its judgment entirely upon AT & T’s purported lack of removal authority, I begin with that issue.
The majority holds that AT & T may not remove the class action filed against it because, and only because, AT & T was sued as an additional defendant in a counterclaim, as distinct from being named an original defendant in an independent action. It concludes that because AT & T is a counterclaim defendant, it does not fall within the language “may be removed by any defendant” of § 1453(b) (emphasis added). The majority’s conclusion, I respectfully submit, is demonstrably at odds with this broad language.
Section 1441(a) states the general rule for removal authority, that civil actions, “of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.” 28 U.S.C. § 1441(a) (emphasis added). This language is the basis for both the rule that all defendants must unanimously consent to removal, see Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 247, 20 S.Ct. 854, 44 L.Ed. 1055 (1900), and the rule that only original defendants can remove, see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 106-08, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). But 28 U.S.C. § 1453(b), which was added by CAFA, provides a different rule for removal of class actions over which the district court has removal jurisdiction. It states that a class action “may be removed by any defendant without the consent of all defendants” (emphasis added). This language expands removal authority in the CAFA context.
Shorts and the majority agree that § 1453(b) does expand removal authority, but just not far enough to reach the present case. For example, § 1453(b) expands removal authority by allowing removal “without regard to whether any defendant is a citizen of the State in which the action is brought.” They acknowledge that this modifies § 1441(b)’s home-state rule, *339 which denies removal authority whenever at least one defendant resides in the State whose court has the case.
Similarly, I submit that § 1453(b), in authorizing removal “by any defendant,” also expands removal authority beyond the limits of § 1441(a) so that it includes any defendant joined as an additional defendant to a counterclaim, as well as any counterclaim defendant. As the Supreme Court has repeatedly noted, “[r]ead naturally, the word ‘any’ has an expansive meaning, that is, ‘one or some indiscriminately of whatever kind.’ ” Ali v. Fed. Bureau of Prisons, — U.S.-, 128 S.Ct. 881, 835-36, 169 L.Ed.2d 680 (2008) (quoting United States v. Gonzales, 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) (quoting Webster’s Third New International Dictionary 97 (1976))). A counterclaim, defendant is certainly a “kind” of defendant and falls easily within “indiscriminately of whatever kind” of defendant. The plain language of § 1453(b) thus gives AT & T, as a kind of defendant, authority to remove the class action in this case from state court to federal court.
Both Shorts and the majority argue that we should read the word “any” narrowly, based upon the exclusive congressional purpose perceived to exist behind the entire clause. But neither Shorts nor the majority cite any statutory language or legislative history to support their articulation of CAFA’s exclusive purpose in authorizing any defendant to remove a class action. They maintain simply that in using “any defendant” in § 1453(b), Congress intended to overrule only the longstanding requirement that defendants must unanimously consent to removal. See Martin, 178 U.S. at 247, 20 S.Ct. 854. And in making this point, they argue that the “any defendant” language of § 1453(b), for some unexplained reason, does not modify the rule announced in Shamrock Oil, 313 U.S. at 106-08, 61 S.Ct. 868, that counterclaim defendants who are also plaintiffs cannot remove under § 1441(a).
I agree with Shorts and the majority that § 1453(b)’s “any defendant” language expands removal authority by abolishing Martin’s unanimous consent rule in the CAFA context. But I maintain that the same clause also abolishes the Shamrock Oil rule for CAFA purposes. Not only is the language of § 1453(b) clear here, but also both Shamrock Oil and Martin were based on the exact same language in § 1441(a)’s predecessor.[1] It seems implausible at best that the § 1453(b) language abolished the Martin rule while leaving untouched the Shamrock Oil rule, especially when both rules depended on the same language.
In both Martin and Shamrock Oil, the Supreme Court based its holding on the statutory interpretation of the wording “the defendant or defendants” in § 1441(a)’s prior codifications, 28 U.S.C. § 71 (1940) (the codification at the time of Shamrock Oil), and Act of August 13, 1888, 25 Stat. 433, ch. 866, § 2 (the location at the time of Martin).[2], The Martin court found the unanimity rule plain:
*340 It thus appears on the face of the statute that if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different States, the defendant, if there be but one, may remove, or the defendants, if there be more than one.
* * *
And in view of the language of the statute we think the proper conclusion is that all the defendants must join in the application....
178 U.S. at 247, 248, 20 S.Ct. 854 (emphasis added). And Shamrock Oil relied upon Congress’ deliberate replacement in 1887 of “either party” with “the defendant or defendants” in finding that counterclaim defendants who are also plaintiffs cannot remove. See 313 U.S. at 106-07, 61 S.Ct. 868.
Even though both the unanimity rule of Martin and the original defendant rule of Shamrock Oil derive from the same language in § 1441(a), the majority asserts that § 1453(b)’s “any defendant” language abolishes one but not the other. We should hesitate before attributing such acrobatic skill to Congress.
Shorts and the majority contend that “defendant” should be read consistently throughout §§ 1441 and 1453 and that because “the defendant” in § 1441(a) refers to the original defendant, “any defendant” in § 1453(b) should also refer to the original defendant. See, e.g., ante at-. But reading “defendant” consistently does not mean we must read “any defendant” in § 1453(b) the same as “the defendant or the defendants” in § 1441(a). Surely one is not construing “defendant” differently when one finds “any defendant” has a different meaning from “the defendant or the defendants.” The article “the” restricts the noun that follows, while the article “any” expands its meaning. See Reid v. Angelone, 369 F.3d 363, 367 (4th Cir.2004); accord Warner-Lambert Co. v. Apotex Corp., 316 F.3d 1348, 1356 (Fed.Cir.2003) (“the” has a narrowing effect, while “any” would have a broadening effect). Moreover, the majority seems to recognize the difference in meaning between “any defendant” and “the defendant” when it states that “any defendant” overrules the Martin rule, which had depended on the phrase, “the defendant.” See ante at-.
The majority’s assertion that in both § 1441(a) and § 1453(b) the word “defendant” means only “original defendant” is both puzzling and potentially unsettling to existing interpretations of jurisdictional statutes. The majority opinion applies the logic that because “the defendant” in § 1441(a) refers to the original defendant, as held by Shamrock Oil, “any defendant” must likewise mean only original defendant because both terms use the word “defendant.” I conclude that the majority takes this misstep only in an effort to import the Shamrock Oil rule into the CAFA context. Yet, Shamrock Oil did not state that the word “defendant” itself means “original defendant.” Rather, it held that “the defendant or defendants,” when adopted by Congress to replace “either party” in the earlier statute, refers to the original defendant and not a counterclaim defendant who was also the plaintiff. 313 U.S. at 106-08, 61 S.Ct. 868.[3]
*341 The majority contends additionally that the language following “any defendant,” which provides that a class action may be removed “without the consent of all defendants,” was the basis by which § 1453(b) overruled Martin. To reach this conclusion, the majority finds that the text “without the consent of all defendants” somehow reads back and narrows the meaning of “any defendant.” But such a reading is not grammatically supportable. The “without the consent of all defendants” language does not restrict “any defendant,” but rather expands removal authority; “without the consent of all defendants” modifies the verb “may be removed” and not the noun “any defendant,” thus eliminating the requirement that AT & T get “the consent of all defendants,” a group that undoubtedly would include Shorts, who clearly did not want the case removed.
The error in the majority’s reading of “without the consent of all defendants” becomes apparent when one takes the full clause of § 1453(b) and substitutes for “any” the Supreme Court’s definition of “any,” and for the parties, the names of the parties in this case. Thus, the full clause of § 1453(b) would provide that the class action “may be removed by [‘one or some indiscriminately of whatever kind’ of] defendant [which includes the counterclaim defendant AT & T] without the consent of all defendants [which includes the defendant Shorts].”
Shorts and the majority argue that in adopting their construction of §§ 1441(a) and 1453(b) they are following the canon that courts strictly construe federal jurisdictional statutes and that their construction, in denying AT & T removal authority, eliminates the possibility of removal by all counterclaim defendants in qualifying class actions. But in purportedly applying the canon, they overlook the fact that the canon cannot defeat the plain meaning of the statutory language. “We must not give jurisdictional statutes a more expansive interpretation than their text warrants; but it is just as important not to adopt an artificial construction that is narrower than what the text provides.” Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citation omitted). Moreover, the canon applies with less force in this case because the justifications for the canon are not present in view of Congress’ explicit purposes for enacting CAFA.
The Supreme Court first annunciated the canon of strict interpretation of federal jurisdictional statutes in Healy v. Ratta, 292 U.S. 263, 269-70, 54 S.Ct. 700, 78 L.Ed. 1248 (1934), and reiterated it as an additional basis for its ruling in Shamrock Oil. In both Shamrock Oil and Healy, the Court gave two reasons for applying the canon of strict construction. First, the Court observed that successive acts of Congress had constricted federal jurisdiction, evincing a clear congressional policy to narrow federal jurisdiction. See Shamrock Oil, 313 U.S. at 108, 61 S.Ct. 868; Healy, 292 U.S. at 269-70, 54 S.Ct. 700. Second, in both Shamrock Oil and Healy, the Court stated that federalism principles required strict construction of encroachment on state court jurisdiction. Sham *342 rock Oil, 313 U.S. at 108-09, 61 S.Ct. 868; Healy, 292 U.S. at 270, 54 S.Ct. 700.
But neither of these rationales applies with any force in this case. First, CAFA unquestionably expanded federal jurisdiction and liberalized removal authority, see Johnson v. Advance America, Cash Advance Centers of South Carolina, Inc., 549 F.3d 932, 935, 937-38 (4th Cir.2008), thus reversing the restrictive federal jurisdiction policies of Congress that both Healy and Shamrock Oil listed as the primary justification for application of the canon. Second, CAFA § 2 addresses the federalism principle, stating that Congress intended the extension of federal jurisdiction over large interstate class actions and liberalization of removal to further the proper balance of federalism and “restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.” CAFA § 2(b)(2), Pub.L. No. 109-2, 119 Stat. 4-5 (2005); Johnson, 549 F.3d 932, 935, 937-38. Unlike the generalized legislative history referenced in Shamrock Oil and Healy and by the majority, this stated purpose for expanding federal jurisdiction and liberalizing removal in the CAFA context is part of the statutory text, and federal courts surely have an obligation to heed it.
The Supreme Court recently relied upon similar statutory statements of findings and purposes in rejecting an artificial reading of the Securities Litigation Uniform Standards Act of 1998 (“SLUSA”). In Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006), the Court interpreted the words “in connection with the purchase or sale” of securities, as contained in SLUSA. The plaintiff Dabit argued for an artificially narrow reading of the words, premised on the canon against finding federal preemption of state law. Id. at 84, 126 S.Ct. 1503. That canon, like the canon of strict interpretation of jurisdictional statutes, derived partly from federalism concerns. But, based largely on SLUSA’s purposes, as stated in SLUSA § 2, the Court unanimously gave the statute its natural reading, even though that reading had the effect of significantly preempting more state law. Id. at 82, 86, 87-88, 126 S.Ct. 1503. Under a similar analysis, this court should give “any defendant” used in 28 U.S.C. § 1453(b) its natural reading.
I conclude that the plain language of § 1453(b) grants removal authority to AT & T in this case. Section 1453(b)’s “any defendant” language could not have overruled one rule derived from the phrase “the defendants” in § 1441(a) but not another rule derived from the same statutory language in the same statute. And when one also considers the expansive meaning given to “any” by the Supreme Court, the natural reading of the plain language of § 1453(b) unambiguously grants AT & T removal authority.
II. Removal Jurisdiction
Because I conclude that AT & T has removal authority, I must also determine whether the district court correctly found it had removal jurisdiction.
Section 1332(d)(2) confers original jurisdiction on district courts over “any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2)(A). The district court concluded and Shorts acknowledges that the class action counterclaim in this case meets the requirements of § 1332(d)(2) insofar as it alleges the jurisdictional amount *343 ($5 million) and diversity of citizenship (minimal diversity). Shorts contends, however, that the class action counterclaim in this case is not “any civil action” over which § 1332(d)(2) grants jurisdiction to district courts. She states, “A counterclaim is not a ‘civil action.’ Rather, a civil action arises from the plaintiffs original claims,” citing Federal Rule of Civil Procedure 3 (“A civil action is commenced by filing a complaint with the court”).
In state court, Palisades Collections, as a plaintiff, filed a collection claim against Shorts, as a defendant. Shorts, as a counterclaim plaintiff, then filed a class action against Palisades Collections, as a counterclaim defendant, and against AT & T, as an additional defendant joined under the West Virginia analog to Federal Rule of Civil Procedure 13(h). See Fed.R.Civ.P. note to 1966 Amendment (“the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be”). Thus, while Palisades Collections is the plaintiff and Shorts the defendant in the original collection action, Shorts is the class action plaintiff, representing 160,000 class plaintiffs against Palisades Collections and AT & T, as class action defendants. I conclude that Shorts’ claim on behalf of 160,000 against Palisades Collections and AT & T is a class action over which CAFA confers jurisdiction.
In using the term “any civil action” in § 1332(d)(2), where Congress granted jurisdiction to the district courts in CAFA, Congress used a term of art created by the Federal Rules of Civil Procedure to merge all actions and causes of actions, whether claims for damages, injunctive relief, and other relief, and whether at law or in equity. With that merger, a plaintiff now claims, in one action, without stating separate “causes of action,” claims for damages, injunctive relief and other relief. See Fed.R.Civ.P. 2 (“There is one form of action-the civil action”).
The effect of this rule was to streamline all pleading by eliminating the numerous earlier requirements such as stating causes of action and transferring claims between law and equity. At the same time Rule 2 was adopted, the Advisory Committee provided an instructional note to the Rule: “Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules.” Fed.R.Civ.P. 2 note 2 (emphasis added). Congress complied with this instruction when referring in § 1332(d)(2) to a class action as a civil action.
That a class action in whatever form is a civil action was indicated early by the Supreme Court soon after it adopted the rules in 1937. As the Court stated, “The class suit was an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject of the litigation is so great that their joinder as parties in conformity to the usual rules of procedure is impracticable.” Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Thus, the class action, once a form of suit in equity, became with the enactment of Rule 2, a civil action. Indeed, the text of Rule 23, regulating class actions generally, confirms this. See, e.g., Fed.R.Civ.P. 23(c)(1)(A) (“whether to certify the action as a class action”); id. 23(d) (“Conducting the Action ”); id. 23(d)(1) (“in conducting an action under this rule”); id. 23(d)(1)(B)® (“any step in the action”); id. 23(d)(l)(B)(iii) (“otherwise come into the action ”); id. 23(g)(l)(A)(ii) (“the types of claims asserted in the action ”) (emphases added throughout). As recognized in Hansberry v. Lee from the history of class actions, a class action is available in conformity with the usual rules of procedure *344 as practicable, whether by complaint, counterclaim, cross-claim, or third-party claim. Indeed, Shorts herself must recognize this as she brought her class action as a counterclaim.
Shorts, of course, does not maintain that her class action counterclaim is barred simply because she brought it as a counterclaim. She undertook, in filing the class action, to seek certification of “the action” as a class action. See West Virginia Rule 23(c)(1)(A) (containing the same language as the Federal Rules counterpart). That rule provides that “the court must determine by order whether to certify the action as a class action.” This applies to Shorts’ class action counterclaim. Shorts therefore cannot credibly claim that her class action counterclaim is not an action and thus a “civil action” under Rule 2.
Courts have reached a similar conclusion in the context of 28 U.S.C. § 1442, which authorizes the removal of “a civil action” against federal officers and agencies. Implementing the authority granted by § 1442, which authorizes removal of “a civil action ... commenced in a State court against” a federal official or agency, courts have found removal jurisdiction when those federal officials or agencies were first brought into the case through a third-party complaint. See Johnson v. Showers, 747 F.2d 1228 (8th Cir.1984); IMFC Professional Servs. of Fla., Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152 (5th Cir.1982). While these holdings might be justified in part by the federal policy encouraging federal-court resolution of claims against federal officers and agencies, Congress has also announced a similar federal policy in CAFA in favor of federal-court resolution of class actions such as this one. Section 2(b) of CAFA states that Congress intended CAFA to “restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.” (Emphasis added).
Shorts’ reliance on Federal Rule of Civil Procedure 3, stating that “[a] civil action is commenced by filing a complaint with the court,” is misplaced, as that rule addresses when an action commences for purposes of federal statutes of limitations and similar time-related provisions. See 4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1051, 1056 (3d ed.2002).
As the district court concluded, the requirements for original jurisdiction set forth in 28 U.S.C. § 1332(d)(2) are fulfilled, and when combined with 28 U.S.C. § 1441(a), the district court is granted removal jurisdiction. Accordingly, I would conclude that the district court had removal jurisdiction over this interstate class action, a conclusion that is entirely consonant with Congress’ purposes in enacting CAFA, expressed in the statutory text, at CAFA § 2, Pub.L. No. 109-2, 119 Stat. 4, 5 (2005).
Ill
The majority correctly recognizes that Congress does not sub silentio disturb preexisting legal principles for removal jurisdiction and authority. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 297 (4th Cir.2008). But when new statutory language, added by CAFA, modifies preexisting language, the new language must control. Id. The majority, however, fails to apply the new language. Section 1453(b), by authorizing “any defendant” to remove, makes Shamrock Oil inapplicable in the CAFA context, thus giving AT & T removal authority. And the language of §§ 1332(d)(2) and 1441 gives the district court removal jurisdiction. Accordingly, I would reverse the district court’s remand *345 order to let this interstate class action proceed in federal court, as CAFA clearly provides.
ORDER
Jan. 15, 2009
The Court denies appellants’ petition for rehearing en banc. No member of the Court requested a poll on the petition for rehearing en banc. Judge Niemeyer filed an opinion dissenting from the denial of rehearing en banc.
Entered at the direction of Chief Judge Williams.

. The decision in Progressive West Insurance Co. v. Preciado, 479 F.3d 1014, 1017 (9th Cir.2007), is not persuasive to reach a contrary conclusion as it forces Shamrock Oil’s interpretation of § 1441(a)’s “the defendant or defendants” onto § 1446(a)’s "a defendant or defendant,” which Shamrock Oil did not interpret. Yet, ”[i]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.' ” American Bus Ass’n v. Slater, 231 F.3d 1, 4-5 (D.C.Cir.2000). Section 1446, moreover, neither creates nor alters removal authority, being entirely procedural, as suggested by its title, "Procedure for Removal.”

. Congress added the second "the” in "the defendant or the defendants” as part of a modernization of § 144 l’s language. See Act *340 of June 25, 1948, ch. 646, 62 Slat. 937; 28 U.S.C.A. § 1441 note (2008).

. Insofar as AT & T was first joined in the action by the filing of a class action complaint against it and by service of that complaint and process upon it, the action as to AT & T began with that class action complaint, in which it was joined only in its capacity as a defendant. Unlike Palisades, which commenced the collection action in state court and thus was both a plaintiff and a counterclaim defendant, AT & *341 T in this case is only a defendant. Because AT & T was not also a plaintiff, the Shamrock Oil rule, which denied a defendant who was also a plaintiff the authority to remove, would appear not to be applicable to AT & T even apart from the amendments made by CAFA. See Shamrock Oil, 313 U.S. at 106-08, 61 S.Ct. 868; Fed.R.Civ.P. 13(h) note to 1966 Amendment (For purposes of applying joinder of additional parties to a counterclaim, “the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiffs or defendants as the case may be”).