An order consistent with this opinion shall issue.

**Florence SKIERSKI and Joseph Skierski, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

No. 89–CV–73231–DT.

United States District Court, E.D. Michigan, S.D.

Sept. 27, 1990.

Mark Zartarian, Birmingham, Mich., for plaintiffs.

Denise Langford Morris, Asst. U.S. Atty., Detroit, Mich., Dennis E. Zacharski, Birmingham, Mich., for defendants.

OPINION

DUGGAN, District Judge.

Plaintiffs, Florence Skierski and Joseph Skierski, bring this action to recover damages for injuries Florence Skierski allegedly sustained in a slip and fall accident at property owned by defendant, Vonn Investment Company, ("VIC") and leased by defendant, Internal Revenue Service ("IRS"). Plaintiffs filed their complaint in the Oakland Circuit Court on October 3, 1989. IRS filed a Notice of Removal on November 3, 1989, pursuant to 28 U.S.C. §§ 1441(b), 1441(c), 1442(a)(1) and 1346(b), on the ground that the district courts of the United States have exclusive jurisdiction of civil actions on claims against the United States for money damages for loss of property or personal injury or death caused by the alleged negligent or wrongful act or omission of any employee of the government under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. §§ 2671 and 2679.

Currently pending before this Court is IRS's Motion To Sever And Remand Parties As To Which No Basis For Federal Jurisdiction Exists. Fed.R.Civ.P. 12(b)(1), (6) and (h)(3). VIC opposes this motion. Plaintiffs have filed no responsive pleadings to this motion, but have indicated to this Court through correspondence that they do not oppose severance and remand of their claim against VIC.

Fed.R.Civ.P. 12(h)(3) provides that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In the present motion, IRS's argument, as construed by this Court, is that although it was necessary for it to remove this action to federal court, during discovery it was determined that there is no independent basis for federal court jurisdiction over the remaining defendant, VIC, and therefore, under recent Supreme Court precedent, this Court must remand plaintiffs' claims against VIC. This Court agrees.

In the recent Supreme Court case of *Finley v. United States*, 490 U.S. 545, 109

S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Court clarified the law of pendent-party jurisdiction. In *Finley* the plaintiff had filed a negligence action against the United States under the FTCA in federal court. Later, the plaintiff sought leave to amend her complaint to add state law claims against two non-diverse defendants over whom there was no independent basis for federal jurisdiction. The Supreme Court affirmed the court of appeals reversal of the district court's grant of the motion to amend.

In analyzing the issue, the Court applied the factor analysis utilized in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). These factors are (1) the posture or context in which the nonfederal claim is asserted, and (2) the text of the jurisdictional statute. *See Finley*, 109 S.Ct. at 2007–2009.

As for the first factor, the Court stated that the most significant element of "posture" in that case was that the added claims involved parties over whom no independent basis of jurisdiction existed. As stated by the Court:

> the relationship between petitioner's added claims and the original complaint is one of 'mere factual similarity,' which is of no consequence since 'neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction.' It is true that here, unlike *Kroger* the party seeking to bring the added claims had little choice but to be in federal rather than state court, since the FTCA permits the Federal Government to be sued only there. But that alone is not enough....

*Finley*, 109 S.Ct. at 2008 (citations omitted).

Applying the second factor to the FTCA, the Court explicitly held that it failed to establish the plaintiff's case. The Court analogized the language of the FTCA with that of the diversity statute stating:

> Just as the statutory provision 'between ... citizens of different States' has been held to mean citizens of different States and no one else ..., so also here we

conclude that 'against the United States' means against the United States and no one else. 'Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' The statute here defines jurisdiction in a manner that does not reach defendants other than the United States.

*Id.*, at 2008–2009 (citations and footnote omitted). Instructive in the present case, is the following statement from the Court in a footnote to its opinion:

> More precisely, it is not that the 'statutory power to decide this case' is *defeated* by the joinder of a private party for purposes of a claim over which the District Court has no independent jurisdiction, but that the statutory power to decide a case *including such a claim simply does not exist*, since the FTCA provides jurisdiction only for claims against the United States.

*Id.*, at 2009 n. 6 (second emphasis added).

In an effort to distinguish the *Finley* holding from the present case, VIC argues that the *Finley* Court based its decision on the fact that the plaintiff was attempting to bring nonfederal defendants into a federal action using a statute which was written to allow jurisdiction over only federal defendants, whereas in this case the plaintiff never sought to have this action heard in federal court. In other words, defendant is arguing that the first factor, "posture" or "context", is different in the present case, relying on the case of *Huberman v. Duane Fellows, Inc.*, 725 F.Supp. 204 (S.D.N.Y.1989). This Court finds this argument unavailing. *Huberman* is easily distinguishable in that it involved a defendant's attempt to implead a third-party defendant. The Court in *Huberman* recognized this significant distinction.

> An impleader claim is not a pendent-party claim of the type that the Supreme Court limited in *Finley*. In *Finley*, the plaintiff was attempting to bring nonfederal defendants into a federal action based on a statute which is explicitly written to allow jurisdiction over only federal defendants. In the case at bar, a defendant is attempting to join a third-

party defendant under the impleader rule which explicitly allows such an inclusion. The justice of the impleader rule is that it allows a defendant, who is itself in federal court against its will, to bring in parties who in fact may be more responsible to the plaintiff.

*Id.* at 204–205.

Further, the Sixth Circuit has recently applied the *Finley* rule to a situation with a "posture" or "context" analogous to the present case. *See Stallworth v. City of Cleveland*, 893 F.2d 830, 836–839 (6th Cir. 1990) (holding that the District Court should not have exercised pendent party jurisdiction over the husband's loss of consortium claim, and therefore, the jury's verdict in his favor had to be reversed); *See also Hall American Center Associates v. Dick*, 726 F.Supp. 1083, 1099–1102 (E.D. Mich.1989). These cases involved the dismissal for lack of jurisdiction of pendent parties who were original parties to the suit. Accordingly, VIC's attempt to distinguish *Finley* on the basis that it involved the addition of a pendent party is unavailing.

For the reasons set forth above, defendant IRS's motion to sever and remand plaintiffs' claims against VIC must be GRANTED. An order consistent with this Opinion shall issue forthwith.