926 F.2d 729
 Tony LEWIS and Linda C. Lewis, Appellants,
v.
WINDSOR DOOR COMPANY, A DIVISION OF the CECO CORPORATION;
Royal Overhead Door, Inc., Appellees.
H & L CONSTRUCTION COMPANY, INC., Royal Overhead Door, Inc., Appellee,
v.
UNITED STATES of America, DEPARTMENT OF DEFENSE.
WINDSOR DOOR COMPANY,
v.
UNITED STATES of America, DEPARTMENT OF DEFENSE.
Tony LEWIS and Linda C. Lewis,
v.
WINDSOR DOOR COMPANY, A DIVISION OF the CECO CORPORATION;
Royal Overhead Door, Inc., Appellants.
H & L CONSTRUCTION COMPANY, INC., Royal Overhead Door, Inc., Appellant,
v.
UNITED STATES of America, DEPARTMENT OF DEFENSE, Appellee.
WINDSOR DOOR COMPANY, Appellant,
v.
UNITED STATES of America, DEPARTMENT OF DEFENSE, Appellee.
 Nos. 90-1441, 90-1541.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 1, 1990.
Decided Feb. 22, 1991.
 
 Barbara L. Robertson, Greenwood, Ark., and Mark W. Webb, Fort Smith, Ark., for appellants, cross-appellees.
 Robert T. Dawson, and Joel D. Johnson, Fort Smith, Ark., for appellees, cross-appellants.
 Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Tony Lewis, a citizen of Arkansas, appeals the district court's grant of summary judgment in favor of Windsor Door Co. ("Windsor"), a Delaware corporation, and Royal Overhead Door, Inc. ("Royal"), an Arkansas corporation, on his product liability and negligence claims. Windsor and Royal appeal the grant of summary judgment to the United States on Windsor and Royal's third-party claim for indemnification. We hold the district court lacked subject-matter jurisdiction over Lewis' action against Windsor and Royal, and therefore vacate the district court's order granting summary judgment to Royal and Windsor. The district court is ordered to remand this action to the state court. We also vacate the order granting summary judgment to the United States, as the district court also lacked subject matter jurisdiction over the third-party action. The district court is ordered to dismiss Royal and Windsor's indemnification claims against the United States without prejudice.
 
 I.
 
 2
 The suit arises out of construction of a building on the United States military base at Fort Chaffee, Arkansas. Royal, who was a distributor of Windsor overhead doors, installed Windsor doors in November, 1981. Lewis, a civilian employee working at Fort Chaffee, was injured in March, 1986 when a pulley system fell. The system was installed by government personnel and attached to the doors. Lewis received compensation under the Federal Employees' Compensation Act ("FECA").
 
 
 3
 In February, 1988, Lewis brought suit in Arkansas state court against Windsor, alleging products liability and other state law claims. Windsor removed the case to federal court based on diversity of citizenship. Lewis then joined Royal as a defendant, and because complete diversity of citizenship no longer existed, the case was remanded back to state court. Shortly thereafter, Royal impleaded the United States as a third-party defendant under both tort and implied contract of indemnity theories, arguing the government should satisfy any judgment rendered against Royal. The third-party claim was brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 1346(b) (1988). Recognizing that the FTCA specifies the federal government can only be sued in federal court,[1] the United States removed the entire case to the federal district court for the Western District of Arkansas, citing 28 U.S.C. Secs. 1346, 1441, 1446, and 2671 (1988).[2] Windsor then joined Royal on the third-party claim against the United States. The district court found Lewis' action time barred under Arkansas law and granted summary judgment to Windsor and Royal. The court then granted the United States summary judgment, dismissing the third-party claims for indemnification on the ground that since Windsor and Royal had prevailed in their main defense, the United States could not be required to indemnify them. Lewis appealed the summary judgment against him, and Windsor and Royal cross-appealed the grant of summary judgment to the United States, in case the summary judgment for them on the main claim should get overturned on appeal.
 
 
 4
 This court sua sponte raised the issue of the district court's subject-matter jurisdiction over the case. "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." Alumax Mill Prods. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir.1990) (citation omitted).[3]
 
 II.
 A.
 
 5
 The parties agree the district court did not have an independent basis of jurisdiction over Lewis' state law claims against Windsor and Royal because Lewis and Royal are both citizens of Arkansas. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). The parties argue however that the court had constitutional power to hear the entire case under the doctrine of pendent jurisdiction. See generally Aldinger v. Howard, 427 U.S. 1, 13-16, 96 S.Ct. 2413, 2419-21, 49 L.Ed.2d 276 (1976) (discussing pendent claim and pendent party jurisdiction). They argue that because the district court has the power to hear the third-party action brought by Royal and Windsor against the United States by virtue of section 1346(b), the court also has jurisdiction to hear the state law tort claim brought by Lewis.
 
 
 6
 In Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989),[4] the Court held that in a suit filed against the federal government under the FTCA, the plaintiff could not bring additional claims against any other defendants when no independent basis of subject matter jurisdiction existed over the additional defendants. 109 S.Ct. at 2008-09. The Court found pendent party jurisdiction was not applicable when the basis for jurisdiction was the FTCA. The Court read the language in the FTCA giving federal courts power to hear claims "against the United States" to mean "against the United States and no one else." 109 S.Ct. at 2008. The Court adopted a new and more narrow interpretive rule for pendent party jurisdiction, finding it exists only when Congress has affirmatively granted such jurisdiction. 109 S.Ct. at 2009; see Alumax Mill, 912 F.2d at 1006.[5]
 
 
 7
 Although Finley concerned pendent-party jurisdiction, its language and references apply as well to ancillary jurisdiction. Particularly instructive is this footnote in Finley:
 
 
 8
 [I]t is not that the 'statutory power to decide this case' is defeated by the joinder of a private party for purposes of a claim over which the District Court has no independent jurisdiction, but that the statutory power to decide a case including such a claim simply does not exist, since the FTCA provides jurisdiction only for claims against the United States.
 
 
 9
 109 S.Ct. at 2009 n. 6 (second emphasis added).[6]
 
 
 10
 The Court foresaw the practical difficulties its holding would create, but found these difficulties unpersuasive:
 
 
 11
 Because the FTCA permits the government to be sued only in federal court, our holding that parties to related claims cannot necessarily be sued there means that the efficiency and convenience of a consolidated action will sometimes have to be forgone in favor of separate actions in state and federal courts.... [T]he present statute permits no other result.
 
 Id. at 2010.[7]
 
 12
 Pre-Finley authority likewise supports our holding that under the existing circumstances the district court cannot exercise pendent or ancillary jurisdiction over the plaintiff's claim. As stated in 6 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Jurisdiction Sec. 1444 (2d ed. 1990):
 
 
 13
 [W]hen there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction.
 
 
 14
 Id. at 327; see also, Harris v. G.C. Services Corp., 651 F.Supp. 1417, 1418-19 (S.D.N.Y.1987) (holding that improper removal was not cured by impleading federal government in attempt to gain federal jurisdiction); City of Alma v. Bell, Galyardt & Wells, Inc., 606 F.Supp. 686, 691 (D.Neb.1985) (Beam, J.) (same). Any other rule would encourage parties to make improvident removals and then attempt to cure them by impleading a party that supplied jurisdiction. Harris, 651 F.supp. at 1419. In this case, of course, the government was impleaded in state court and it then removed. The result, however, was the same as if the defendants were to remove and then cure a lack of subject-matter jurisdiction by impleading the government. A rule that would sanction federal jurisdiction over the entire case solely on the basis of a third-party FTCA claim "is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way." Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir.1984).
 
 B.
 
 15
 There is another reason why the court lacks jurisdiction over Lewis' claim against Windsor and Royal. We find the United States did not have statutory authority to remove this action. If the United States did not have the power to remove, then the district court could not have gained subject-matter jurisdiction over the case. Nothing in the FTCA itself gives the government the power to remove a claim erroneously filed in state court. As a third-party defendant in an FTCA action, the only section that the United States could have relied upon as authority to remove this action would be 28 U.S.C. Sec. 1441(c).[8] See Thomas, 740 F.2d at 482.[9]
 
 
 16
 Section 1441(c) is silent on the question of whether third-party defendants can remove. So far, only two circuits have addressed this issue, and they appear to be divided. Compare Judge Posner's exhaustive opinion in Thomas v. Shelton, 740 F.2d 478, 486 (7th Cir.1984) (holding that in "broad run of third-party cases" the third-party defendant [including the United States] may not remove under Sec. 1441(c)), with Carl Heck Engineers v. LaFourche Parish Police Jury, 622 F.2d 133, 136 (5th Cir.1980) (holding third-party defendants sued under a separate and independent claim can remove). Both leading commentators on civil procedure agree with the Seventh Circuit that section 1441(c) applies only to claims joined by the plaintiff. See 14A C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, Sec. 3724 at 389-91 (2d ed. 1985); 1A J. Moore & B. Ringle, Moore's Federal Practice p 0.167 (2d ed. 1990).[10] As Professor Moore reasons:
 
 
 17
 We do not, however, believe Sec. 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims.[11]
 
 
 18
 Id. at 513.
 
 
 19
 We agree with the Seventh Circuit analysis. We do not believe that the remote, ancillary possibility of a third-party claim not yet matured can constitute a basis for removal of a third-party claim which is not separate and independent of the plaintiff's claim.
 
 C.
 
 20
 We hold that under Finley, a third-party action against the federal government under the FTCA cannot provide federal subject-matter jurisdiction for the main claim between Lewis and the two co-defendants when no independent jurisdiction exists over the main claim. We also hold that the district court lacked subject matter jurisdiction because the United States, as third-party defendant, was without authority to remove the case under these facts. The district court's judgment granting Royal and Windsor summary judgment must be vacated, and the main suit between Lewis, Windsor, and Royal severed from the third-party action and remanded to the state court.[12]
 
 III.
 
 21
 The district court granted summary judgment to the United States on Windsor and Royal's third-party complaint for indemnity. The court reasoned that becaue Royal and Windsor were not found to be liable to Lewis, the government logically could not be required to indemnify Windsor and Royal. Because we have vacated the district court's judgment for Royal and Windsor on Lewis' claim, we must also vacate the court's order granting the United States summary judgment. Because we find the United States was without authority to remove the case to the federal court, the federal court lacked subject matter jurisdiction over the indemnification claims against the United States. We therefore order the third-party claims against the United States to be dismissed without prejudice. Royal and Windsor may re-file their indemnification claims, in the event they later accrue, as a separate action in federal court.[13]
 
 CONCLUSION
 
 22
 The order of the district court granting summary judgment to Royal and Windsor on Lewis' state law claims is vacated because the district court did not have subject-matter jurisdiction. The court is ordered to remand that portion of the case to the state court. The court's order granting summary judgment to the United States on Royal and Windsor's contingent claims for indemnity is vacated, and the district court is ordered to dismiss the claims without prejudice.
 
 
 
 [1]
 The FTCA provides that "the district courts ... shall have exclusive jurisdiction of all civil actions on claims against the United States" for certain torts of federal employees acting within the scope of their employment. 28 U.S.C. Sec. 1346(b) (1988)
 
 
 [2]
 Because suits against the federal government under the FTCA must be filed in federal court, the state court never had proper jurisdiction over Royal's third party claim. Under the old doctrine of derivative jurisdiction, if the state court did not have jurisdiction, the federal court in a removed action could not gain jurisdiction. See, e.g., Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983). Congress abolished the derivative jurisdiction doctrine for state cases filed after June 19, 1986. 28 U.S.C. Sec. 1441(e) (1988). Assuming the federal government had the authority to remove this case, there was no jurisdictional defect solely because the state court lacked jurisdiction
 
 
 [3]
 We requested that the parties address the issue of subject-matter jurisdiction in light of the Supreme Court's decision in Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). Finley constricts federal court pendent party and ancillary jurisdiction. We note that Congress recently enacted legislation giving district courts supplemental jurisdiction over claims arising from the same case or controversy and that "involve the joinder or intervention of additional parties." Judicial Improvements Act of 1990, Pub.L. No. 101-650, Sec. 310, 104 Stat. 5089 (1990). This enactment is to be codified at 28 U.S.C. Sec. 1367. The legislation applies prospectively only and thus is not applicable to this case
 
 
 [4]
 In Finley, a widow sued the United States under the FTCA, alleging the Federal Aviation Administration had negligently maintained runway lights at an airfield where her husband and two children died in an airplane crash. The plaintiff later amended the suit to include state law claims against two non-diverse defendants
 
 
 [5]
 This court has followed Finley in several other cases involving statutes other than the FTCA. See Alumax Mill, 912 F.2d at 1007 (holding that civil RICO statute did not authorize pendent party jurisdiction); Lockard v. Missouri Pacific Railroad Co., 894 F.2d 299, 301 (8th Cir.) (holding that Federal Employers' Liability Act (FELA) did not authorize pendent party jurisdiction), cert. denied, --- U.S. ----, 111 S.Ct. 134, 112 L.Ed.2d 102 (1990)
 
 
 [6]
 The Court concluded its opinion by stating:
 All our cases--Zahn [v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) ], Aldinger, and Kroger--have held that a grant of jurisdiction over claims involving particular parties does not itself confer jurisdiction over additional claims by or against different parties. Our decision today reaffirms that interpretive rule; the opposite would sow confusion.
 Finley, 109 S.Ct. at 2010.
 
 
 [7]
 Other recent decisions have applied Finley to analogous situations in which parties attempt to use the FTCA as a jurisdictional basis. For instance, in Skierski v. IRS, 748 F.Supp. 499 (E.D.Mich.1990), the plaintiff sued both a private defendant and the Internal Revenue Service ("IRS") for negligence in state court. Because the suit against the IRS was premised on the FTCA, the IRS removed the entire case to the federal district court. No independent basis for jurisdiction existed between the plaintiff and the private defendant. The IRS sought to sever and remand the claim between the plaintiff and the private co-defendant. Based on Finley, the court held the FTCA could only provide jurisdiction for the claim against the IRS, and remanded the claim between the plaintiff and the private defendant to the state court. Id. at 501
 
 
 [8]
 Section 1441(c) states:
 Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
 28 U.S.C. Sec. 1441(c) (1988).
 
 
 [9]
 Other than the general removal statute, 28 U.S.C. Sec. 1441, no statute grants the United States the right to remove when it is a third-party defendant in a FTCA case. This is in contrast to other actions involving the government or its officers. For instance, if federal officers are sued in state court, section 1442(a) specifically authorizes removal. This court has held that this section authorizes removal by federal officers who are third-party defendants. Johnson v. Showers, 747 F.2d 1228, 1229 (8th Cir.1984). Section 1442(a) does not apply when the government is sued directly, as in this case. In foreclosure actions against the government pursuant to 28 U.S.C. Sec. 2410 (1988) which are filed originally in state court, section 1444 authorizes the government to remove
 
 
 [10]
 See cases collected in Moore's p 0.16710 at 512 n. 22. We note that one of the leading cases holding that third-party defendants cannot remove under section 1441(c) is from the Western District of Arkansas, the district court in which this case is venued. See Sequoyah Feed & Supply Co., Inc. v. Robinson, 101 F.Supp. 680, 682 (W.D.Ark.1951) (Miller, J.). The federal district courts in Arkansas have consistently followed Sequoyah Feed. See Fiblenski v. Hirschback Motor Lines, Inc., 304 F.Supp. 283, 285 (E.D.Ark.1969) (Henley, J.) (construing section 1441(a) in accord with section 1441(c)); Friddle v. Hardee's Food Systems, Inc., 534 F.Supp. 148, 150 (W.D.Ark.1981) (Waters, C.J.)
 
 
 [11]
 Numerous district courts have held that a claim for tort indemnity, which is necessarily contingent and dependent on the outcome of the main claim and stems from the same wrong to the plaintiff, is not a separate and independent claim, as required under section 1441(c), and therefore removal cannot be based on that claim. See, e.g., Poisson v. Maintenance Pace Setters, Inc., 696 F.Supp. 1141, 1143 (E.D.Mich.1988) (holding that third-party tort claim for indemnification against the United States is not separate and independent of the main tort claim); Luebbe v. Presbyterian Hospital, 526 F.Supp. 1162, 1164 (S.D.N.Y.1981). This applies with full force when the United States is the third-party defendant. See Mignogna v. Sair Aviation, Inc., 679 F.Supp. 184, 190-91 (N.D.N.Y.1988) (finding United States, a third-party defendant on a contribution claim under the FTCA, cannot remove because the claim is not separate and independent)
 
 
 [12]
 When the United States is erroneously impleaded as a third-party defendant into a state court action on an FTCA claim, the government should immediately file for dismissal on subject matter jurisdiction grounds, not remove the entire case
 
 
 [13]
 Royal and Windsor's claim for indemnification is contingent on either of them being found liable to Lewis. If Royal and Windsor are not liable to Lewis, then they will have no claim against the United States. The right to indemnity or contribution under the FTCA is governed by state law. United States Lines, Inc. v. United States, 470 F.2d 487, 490 (5th Cir.1972). Under Arkansas law, a cause of action on an implicit contract of indemnity does not accrue until the party seeking indemnification has suffered an actual loss by payment or satisfaction of a judgment. Larson Machine, Inc. v. Wallace, 268 Ark. 192, 214, 600 S.W.2d 1, 13 (1980). Thus it appears the indemnification claims may not be ripe for adjudication in the district court. See Plantronics, Inc. v. United States, No. 88 CIV 1892 (S.D.N.Y. Jan. 9, 1990) (1990 WESTLAW 3202) (holding that after severing and remanding a products liability suit to the state court, third-party claim for indemnification against the United States should be dismissed until it becomes ripe)