**RADIO SHACK FRANCHISE DEPT., A DIVISION OF TANDY CORPORATION, Plaintiff/Counterclaim Defendant,**

v.

**Wayne A. WILLIAMS, Defendant/Counterclaim Plaintiff/Third–Party Plaintiff,**

v.

**RADIO SHACK FRANCHISE DEPT., A DIVISION OF TANDY CORPORATION, Tandy Corporation, Paul Crump, Paul Zoeller, Robert T. Owens, and Jack O'Connor, Third–Party Defendants.**

Civ. A. No. 92–4072–S.

United States District Court, D. Kansas.

Sept. 8, 1992.

Mark J. Schultz, Gallas & Schultz, Kansas City, Mo., William G. Howard, Lathrop & Norquist, Overland Park, Kan., Daniel

---

M. Dibble, Lathrop & Norquist, Kansas City, Mo., for Radio Shack Franchise Dept.

Robert L. Pottroff, Myers, Pottroff & Ball, Manhattan, Kan., for Wayne A. Williams.

William G. Howard, Lathrop & Norquist, Overland Park, Kan., Daniel M. Dibble, Lathrop & Norquist, Kansas City, Mo., for Tandy Corp., Paul Crump, Paul Zoeller, Robert T. Owens and Jack O'Connor.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court after response by the parties to the court's order to show cause why the matter should not be remanded to the Riley County District Court because the United States District Court lacks subject matter jurisdiction through the improvident removal of this case by the plaintiff/counterclaim defendant Radio Shack Franchise Dept. ("Radio Shack"). Because the court finds removal by the third-party defendants improper, the case will be remanded to the Riley County District Court.[1]

This action was brought in state court by Radio Shack to recover from the defendant Wayne Williams on a promissory note held by Radio Shack. The defendant filed an answer and counterclaim against Radio Shack, Tandy Corporation, Paul Crump, Paul Zoeller, Robert T. Owens, and Jack O'Connor. The counterclaim alleges a pattern of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* The third-party defendants then removed the case to this court.

■ The statute under which the third-party defendants removed this case reads in pertinent part:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise nonremovable claims or causes of action,

the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates. 28 U.S.C. § 1441(c).

As an initial matter, the court notes that Radio Shack contends the defendant's RICO claims are subject to the court's original jurisdiction as required by 28 U.S.C. § 1441(b), implying that section would permit removal. This section has not been construed to apply to a counterclaim filed by the defendant. *See Gully v. First National Bank in Meridan,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Lewis v. Windsor Door Co.,* 926 F.2d 729, 732–33 (8th Cir.1991). Rather, the claim stating a federal question must be apparent on the face of the plaintiff's complaint. *Gully v. First National Bank in Meridan,* 299 U.S. at 112–13, 57 S.Ct. at 97–98. The only section conceivably allowing removal by a third-party defendant is 28 U.S.C. § 1441(c). *Lewis v. Windsor Door Co.,* 926 F.2d at 732–33.

■ The law is not clear regarding whether, or under what circumstances, a third-party defendant may remove a case. The Tenth Circuit has not addressed the question and the court's research has discovered few other circuits which have taken a position on the issue. Numerous district courts have treated the situation in varying fashions. As stated by one commentator:

1. Courts agree that a third-party claim cannot afford a basis for removal unless the 'separate and independent claim or cause of action' of § 1441(c) applies.

2. Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on alone. This takes the entire action into the federal court. The district court may, however, exercise its discretion and

1. The court will, for the sake of brevity, refer in general to Radio Shack and the individuals also brought into the suit by the defendant as third-party defendants. The court recognizes Radio Shack is a counterclaim defendant, but on the basis of this court's reasoning it is not necessary to make that distinction.

remand all matters not otherwise within its original jurisdiction.

3. Other courts do not permit removal on the basis of a third-party claim, although it would have been removable by the defending party if the claim had been sued on alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff. 1A James W. Moore et al., Moore's Federal Practice ¶ 0.167[10] (2d ed. 1990).

The commentator also stated that not allowing removal on the basis of a third-party claim is the sound view.

In *Thomas v. Shelton*, 740 F.2d 478 (7th Cir.1984), the court noted that the majority of cases, primarily district court cases, have determined that third-party defendants may not remove under 28 U.S.C. § 1441(c). Often, the courts have looked to the language of the statute and determined that the separate and independent removable claim joined with a non-removable claim means one that the plaintiff has joined. *Lewis v. Windsor Door Co.*, 926 F.2d at 733. Therefore, a third-party claim can never be the basis of removal. This comports with the established general principles of strictly construing removal statutes and resolving any doubts in favor of remand. *Elkhart Co-op Equity Exchange v. Day*, 716 F.Supp. 1384 (D.Kan.1989).

In *Thomas v. Shelton*, the court stated that the apparent purpose of the statute was to prevent a plaintiff suing in state court on a claim that states a federal question, from defeating removal by joining a state court claim. 740 F.2d at 482. The purpose of the statute would not be furthered by allowing third-party defendants to remove the case to federal court, regardless of whether the claim was separate and independent. The Seventh Circuit court refused to rule that a third-party defendant could never remove a case, but did not discuss what might be an appropriate case for removal.[2]

This court is convinced and finds that the joinder of claims as required by 28 U.S.C.

§ 1441(c) refers to claims joined in the plaintiff's complaint. Therefore, the court will not address Radio Shack's argument that the defendant's counterclaims are "separate and independent," because even if they are the court finds that a third-party or counterclaim defendant may not remove the case.

The court has carefully considered the procedural posture of this case and agrees that the plaintiff's claim against the defendant was solely a state court claim and the amount of the controversy was not the requisite amount to confer diversity jurisdiction. Thus, the plaintiff did not have the option of a federal forum for its cause of action. Further, not allowing removal deprives the third-party defendants of their choice of forum. Making equitable exceptions, however, would defeat the previously stated principles of strict construction of the removal statutes and would be result oriented. The court finds the better policy is to deny removal in cases where it is sought by third-party and counterclaim defendants, as in this case.

IT IS BY THE COURT THEREFORE ORDERED that this case is remanded to the Riley County District Court.

IT IS FURTHER ORDERED that all other outstanding motions are denied as moot.

---

**2.** The Fifth Circuit has allowed removal in a situation where the third-party claim is separate and independent. *Carl Heck Engineers, Inc. v.*

*LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980).