Marilyn F. GARNER, Plaintiff/Counter–Defendant,

v.

MIC GENERAL INSURANCE CORPORATION, Defendant/Counter–Plaintiff.

MIC GENERAL INSURANCE CORPORATION, Defendant/Counter–Plaintiff/Third–Party Plaintiff,

v.

Marilyn F. GARNER, Plaintiff/Counter–Defendant.

MIC GENERAL INSURANCE CORPORATION, Defendant/Counter–Plaintiff/Third–party Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY, Third–Party Defendant.

No. 93–CV–75218–DT.

United States District Court, E.D. Michigan, Southern Division.

May 20, 1994.

498

Charles D. Knoppow, Southfield, MI, for plaintiff/counter-defendant.

Robert S. Rollinger, Bingham Farms, MI, for counter-defendant.

Peter B. Worden, Jr., Detroit, MI, for MIC General Ins. Co.

Thomas R. Paxton, Detroit, MI, for third-party defendant UNUM Life Ins.

## *OPINION*

DUGGAN, District Judge.

Following receipt of the third-party complaint, UNUM Life Insurance Company (UNUM) as a third-party defendant "removed" this case on December 15, 1993. On January 14, 1994, UNUM was ordered to show cause as to why this action should not be remanded. This Court has reviewed the briefs submitted by UNUM and MIC General Insurance Corporation (MIC). For the reasons that follow, this Court denies UNUM's attempt to remove this action and remands the case to Wayne County Circuit Court.

### I. *Background*

In the original complaint which was filed in Wayne County Circuit Court on August 20, 1993, plaintiff Marilyn F. Garner (Garner) seeks no fault benefits from defendant MIC. It appears that on or about November 8, 1993, MIC filed a third-party complaint against third-party defendant UNUM seeking an "equitable lien" on benefits which UNUM may owe Garner and also seeks "subrogation" against UNUM for benefits MIC has paid to Garner. No diversity of citizenship has been alleged with respect to the parties to the principal action.

Garner requested no-fault benefits for injuries she sustained on November 30, 1990 while exiting a public transportation bus. She claims she was covered under her husband's MIC insurance policy, which indemnifies costs associated with bodily injuries suffered in motor vehicle accidents under the Michigan No–Fault Act, M.C.L.A. § 500.3101, *et seq.* MIC disagreed that she was entitled to benefits under the policy with MIC, stating that pursuant to the coordination clause in Garner's policy, MIC is responsible only for any excess medical expenses and wage loss indemnification not covered by UNUM, who MIC alleges is the insurance company primarily responsible to Garner. Specifically, MIC claims that Garner is entitled to Long Term Disability benefits under the UNUM insurance policy (# 307798) provided by Garner's employer, Michigan Consolidated Gas (MichCon).[1] UNUM admits that Garner has requested benefits from UNUM but states that her request for benefits is primarily based on a heart condition that precludes her from working and is not a request for benefits based on injuries from the November 30, 1990 bus accident. (See UNUM's Response to Order to Show Cause, p. 6) Accordingly, UNUM claims that expenses resultant from the bus injuries are MIC's responsibility. (*Id.*)

Despite its assertion that UNUM was primarily liable, MIC, beginning in October, 1991, paid a total of $26,496.93 in wage loss benefits to Garner allegedly because she had stated she was in financial distress and UNUM was slow to provide the benefits due to her. (*See* MIC's Third–Party Complaint at p. 3) MIC claims that although it advanced funds to Garner, it has always maintained its original position that UNUM was primarily responsible for any benefits owed Garner. In fact, MIC avers that it sent

1. This policy is governed by the Employee Retirement Income Security Act (ERISA).

MichCon a letter which asserted a lien on any benefits issued under the UNUM policy.[2] (*Id.* at 4.)

## II. *Discussion*

There is a clear split among the Circuits that have addressed the issue of a third-party defendant's ability to remove a case filed in state court. This issue necessarily is resolved by interpreting 28 U.S.C.A. § 1441(a) and (c), the statute governing removal. Section 1441 states in pertinent part that:

(a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . .

(c) Whenever a separate and independent claim . . . within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims . . . the entire case may be removed. . . .

28 U.S.C.A. § 1441. As the statutory language instructs, several requirements must be met before removal can be considered. First, claims can only be removed by "defendants." Second, the claim against the "defendant" must be considered "joined" to the original claim. Third, the claim on which removal is sought must involve a federal question or meet the diversity requirements set forth at 28 U.S.C. § 1332 and must be deemed "separate and independent" from the original nonremovable claim. Nevertheless, the statute is silent on the question of whether third-party defendants can remove.

It appears that three views have emerged on the issue of whether a third-party defendant possesses the right to remove a case. One view holds that third-party defendants are never permitted the right to remove within the meaning of § 1441(c). The courts following a second view decline to address the issue of whether third-party defendants in general have the right to remove, but,

rather, rest their removal decisions on whether the third-party claim in that case is "separate and independent" from the main claim. A third view suggests that a third-party defendant cannot be precluded from removing a case under § 1441.

## A. Third–Party Barred from Removing

Under this view, adopted by some of the courts and commentators, a third-party defendant simply cannot exercise removal rights. *See, e.g. Lewis v. Windsor Door Co.,* 926 F.2d 729 (8th Cir.1991); 1A *Moore's Federal Practice* pp. 0.157[7] (1989) and 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3731 (1985).

In *Lewis,* the Eighth Circuit held that the district court's decision allowing the third-party defendant to remove was erroneous. 926 F.2d at 732–33. The underlying claim was a tort action. The third-party claim was for indemnification in the event that the defendant was found liable in the primary action. The *Lewis* Court held that a third-party defendant does not have the statutory authority to remove under § 1441. *Id.* at 733. The *Lewis* court reasoned that removal due to the introduction of a third-party claim "is too much akin to the tail wagging the dog." *Id.* (citation omitted).

## B. "Separate and Independent" Approach

Courts following this approach indicate that considerations of federalism and judicial economy play a prominent role in this issue. *See Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984). In *Thomas,* the Court found that to allow removal of an entire case on the basis of a third-party claim would make the power to remove turn on arbitrary differences in state procedure. *Id.* The *Thomas* Court found it significant that the third-party claim was dependent, or "conditional" on the disposition of the main claim; if the original tort claim failed, the third-party claim undertaken by the defendant to avoid double liability, would be moot. *Id.* at 486. Although

---

**2.** In its third-party complaint, MIC seeks recovery against UNUM on two grounds. First, it avers that it has an equitable lien in the UNUM benefits paid in the past and payable in the future to Garner. Second, MIC alleges that to

the extent it paid wage loss benefits to Garner, it has been subrogated to Garner's rights to receive similar benefits from UNUM, who MIC asserts is the primary provider of benefits under the terms of its coordination clause.

the Court held that the third-party defendant was not empowered to remove, it declined to create a blanket rule that third-party defendants are never entitled to remove pursuant to § 1441(c):

> [a]lthough satisfied that in the broad run of third-party cases, including this one, that the third party defendant cannot remove the case under § 1441(c), we hesitate to adopt a universal and absolute rule to that effect.

*Thomas,* 740 F.2d at 487.

The Sixth Circuit has not ruled on the issue of whether a third-party defendant may remove. Nevertheless, at least one district court within the Circuit has denied a third-party defendant's right to remove. In *Sunny Acres Skilled Nursing v. Williams,* 731 F.Supp. 1323 (N.D. Ohio 1990), the court did not permit the third-party defendant to remove because the third-party ERISA claim was not independent from the original breach of contract claim. The *Sunny Acres* court stated that the claims were interrelated because the plaintiff was seeking payment for services from the defendant who, in turn, was seeking coverage for the same expenses from the third-party defendant. If the defendant was not liable on the primary claim, then the third-party claim would be immaterial. The court declined to resolve the issue of whether third-party defendants are entitled to remove in any case, resting its decision on its finding that the third-party claims were not separate and independent. 731 F.Supp. at 1327. Therefore, the *Sunny Acres* court held that the claims were not independent and thus precluded removal. 731 F.Supp. at 1327.

## C. Third–Party Removal Recognized

In contrast to the first view, this approach, adopted by the Fifth Circuit in *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133, 135–36 (5th Cir.1980), clearly recognizes a third-party defendant's right to remove under § 1441(c). The Court reasoned that this approach was more rational, because it would promote uniform application of the removal statute and because "the language of the statute does not require only those causes of action joined by the original plaintiff to form the basis of removal." *Id.* at

135–36. Accordingly, removal is available "[i]f the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." *Id.* at 136. The *Heck* Court found that the third-party indemnity claim was sufficiently independent from the original breach of contract claim because the claims involved separate contractual obligations. Additionally, the Court stated that indemnity claims are frequently filed in a separate suit from the main claim; thus, third-party indemnity claims should be regarded as distinct and independent. Therefore, the *Heck* Court held that the insurer's third-party indemnity claim was "separate and independent" and thus removable.

However, in *Patient Care, Inc. v. Freeman,* 755 F.Supp. 644 (D.N.J.1991), the court disagreed with *Heck,* finding that a third-party indemnification claim could never be considered separate and independent from the main claim because the right to indemnification is wholly dependent on defendant's success in the underlying case. Holding that such a claim is never separate and independent from the main claim, the court concluded that removal is never warranted in indemnification cases (whether between tortfeasors or contracting parties). *Id.* at 650–651.

## D. Application to the Instant Case

None of the competing authority on whether a third-party defendant may remove is binding on this Court. Under any approach, however, removal should not be granted to UNUM in the instant case.

Under the view developed by the Eighth Circuit in *Lewis, supra,* UNUM, as a third-party defendant, would not be entitled to remove the entire action. Applying the *Lewis* Court's rationale, a third-party defendant is not a defendant pursuant to § 1441(c), and thus UNUM simply would not be considered a "defendant" and therefore would not be entitled to remove. The same result is reached under the more involved analysis set forth by the Seventh Circuit in *Thomas,* i.e. whether the third-party claim is "separate and independent." MIC's third-party claim is dependent, in part, on the underlying success of Garner's claim for no-fault benefits.

For example, if the Court were to find that MIC's coordination policy rendered MIC primarily liable for Garner's claims, MIC would have no third-party claim against UNUM. Accordingly, at this stage of litigation, the third-party claim appears to be dependent on the underlying claim, and thus UNUM is precluded from removing this action.

Moreover, even if this Court were to adopt the analysis applied by the courts in *Heck*, and *Patient Care, supra*, removal would not be warranted in the instant case. A final determination on removability depends on whether MIC's claim against UNUM is separate and independent from Garner's original claim against MIC. The Supreme Court held that "where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). Like the third-party ERISA claim before the court in *Patient Care*, the third-party ERISA claim in the instant case is not separate and independent from the main claim. Garner's claim against MIC and MIC's claim against UNUM may be interdependent. They arise out of the same wrong to plaintiff Garner— i.e. the denial of benefits due her. There is one overall question in this case: "Who is primarily liable to Ms. Garner for her accident?"[3] If MIC is found to be primarily liable for benefits to Garner then MIC's claim against UNUM is moot. As such, because this Court finds that the third-party claim is not separate and independent, this Court concludes that UNUM cannot remove the instant case.

### III. *Conclusion*

For the reasons stated above, this Court finds that UNUM may not remove the instant action and accordingly this case shall be remanded to the Wayne County Circuit Court.

---

**3.** Even if this Court were to conclude that it would be legally permissible to retain the "federal question" claim, i.e. the third-party claim and remand the principal case, this Court would de-

An Order consistent with this Opinion shall issue forthwith.

cline to do so. This Court agrees with defendant/third-party plaintiff MIC that this issue should be decided in one forum in the interests of justice and judicial economy.