**IT IS HEREBY ORDERED** that plaintiff's Motion to Re-enter the Consent Decree (Doc. No. 53) is granted.

**IT IS FURTHER ORDERED** that any other pending motions are denied as moot.

**Brenda S. HENDRICKSON,
et al., Plaintiffs,**

v.

**SUPERIOR AVIATION, INC.,
et al., Defendants.**

**No. 4:96CV00643 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 14, 1996.

---

Robert S. Bogard, Partner, Schlichter and Bogard, St. Louis, MO, Larry E. Weisman, Goldberg and Weisman, Chicago, IL, for Brenda S. Hendrickson.

Joseph A. Murphy, Lucas and Murphy, St. Louis, MO, for Superior Aviation, Inc.

Joseph L. Leritz, President, Edward M. Roth, Leritz and Plunkert, St. Louis, MO, for City of St. Louis.

Robert E. Badger, U.S. Department of Justice, David Wiegand, Federal Aviation Administration, Washington, DC, for Eldon Clark Oldnettle, Susan Anne Baumer, Charles Peacock, Willie Moore.

Eric T. Tolen, Asst. U.S. Attorney, Office of U.S. Attorney, St. Louis, MO, Robert E. Badger, U.S. Dept. of Justice, David Wiegand, Federal Aviation Administration, Washington, DC, for United States of America.

### MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on the Government's motion to substitute the United States as the sole third-party defendant, Document 1, and plaintiffs' motion to remand the action to state court. Document 11.

Plaintiffs commenced this wrongful death action against Superior Aviation, Inc., and Trans World Airlines, Inc., ("TWA"), in the Circuit Court of the City of St. Louis, State of Missouri. Document 1. Plaintiffs alleged that on November 22, 1994, Donald J. Hendrickson, was killed in a tragic accident at Lambert Field in St. Louis. Mr. Hendrickson was a passenger in a Cessna 441 aircraft operated by Superior Aviation. The pilot of the Cessna asked for taxi instructions from Air Traffic Control. Pursuant to those instructions, the pilot positioned the Cessna on runway 30R to await clearance for takeoff. A McDonnell–Douglas DC–9–82 aircraft operated by TWA was also positioned on runway 30R awaiting clearance for takeoff. The DC–9 collided with the Cessna, shearing off the top of the Cessna's cabin and killing Mr. Hendrickson.

Shortly after the lawsuit was filed, Superior Aviation filed a third-party complaint against the City of St. Louis, as the owner and operator of Lambert Field, and Eldon Clark Oldnettle, Susan Anne (Sue) Baumer, Charles Peacock, and Willie Moore, who were the aviation flight control personnel on duty at Lambert Field at the time of the accident. According to the third-party complaint, the individual defendants were in charge of the runways, gave the commands, and had the authority to control navigation of aircraft on the runways the night of the accident. Superior alleged that the City of St. Louis was negligent in providing and maintaining the runways and that the City's negligence contributed to the accident. Regarding the individual defendants, Superior asserted that they negligently carried out their duties as air traffic controllers, thereby contributing to the accident which caused Mr. Hendrickson's death.

Thereafter, pursuant to 28 U.S.C. § 2679(d), Oldnettle, Baumer, Peacock, and Moore filed a notice of removal, asserting that at all relevant times they were acting within the course and scope of their employment as employees of the United States of America. The notice of removal was accompanied by a certification from the Gary W. Allen, Director of the Torts Branch of the Civil Division of the United States Department of Justice, that the defendants were acting within the course and scope of their employment as employees of the United States at the time of the incident. Document 4. The notice of removal requested substitution of the United States as party defendant for the individual employees pursuant to 28 U.S.C. § 2679(d)(2). Document 1.

■ Plaintiffs have moved to remand the action to state court, arguing that § 2679(d)(2) does not specifically authorize the United States, as a third-party defendant, to remove a case from state court. Plaintiffs cite as support *Lewis v. Windsor Door Co.*, 926 F.2d 729 (8th Cir.1991), in which the Eighth Circuit held that the 1988 version of 28 U.S.C. § 1441(c) did not authorize removal by the United States of a third-party action brought against it under the Federal Tort Claims Act ("FTCA"). Plaintiffs contend the reasoning of *Lewis* applies with equal force to 28 U.S.C. § 2679(d)(2).

The Court rejects plaintiffs' argument. Section 2679(d)(2) provides in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

(emphasis added).

In *Thompson v. Wheeler*, 898 F.2d 406, 409 (3rd Cir.1990), the Court held that § 2679(d) provides for removal when a federal employee is brought into a case in state court as a third-party defendant. The Court observed that "nothing in that section limits its application to cases in which the government employee was an original defendant." *Id.* The Court acknowledged the existence of disagreement among courts on whether the general removal statute, 28 U.S.C. § 1441(c), allowed for removal by third-party defendants. The Court noted, however, that the "courts have had no difficulty concluding that federal officers and agencies, as third-party defendants, may remove cases within the Federal Tort Claims Act under section 1442(a)." *Id.* at 409 n. 2.

In contrast to *Thompson*, the Eighth Circuit in *Lewis* did not address whether § 2679(d)(2) authorizes removal by a federal employee as a third-party defendant or examine the specific language of that statute. Although the parties in this case do not confront it, the *Lewis* Court did make the following statement: "Nothing in the FTCA itself gives the government the power to remove a claim erroneously filed in state court. As a third-party defendant in an FTCA action, the only section that the United States could have relied upon as authority to remove this action would be 28 U.S.C. § 1441(c)." 926 F.2d at 731–32 (footnote omitted). On its face, this statement calls into question whether § 2679(d)(2), which is part of the FTCA, allows for removal of this case.

But *Lewis* did not involve a federal employee sued in state court as a third-party defendant. There, the United States itself was named as the third-party defendant in the state court action. *Lewis*, 926 F.2d at 730. Section 2679(d)(2), by its terms, only provides for removal when a federal employee is acting within the course and scope of his or her employment at the time of the incident out of which the claim arose. Here, in contrast to *Lewis*, plaintiffs sued several individual federal employees in state court. Thus, the explicit statutory language of § 2679(d)(2) applies and authorizes removal of this case from state court.

■ Moreover, as *Lewis* recognized, when "federal officers are sued in state court, section 1442(a) specifically authorizes removal. [The Eighth Circuit] has held that this section authorizes removal by federal officers who are third-party defendants." *Lewis*, 926 F.2d at 733 n. 9 (citing *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir.1984)). Section 1442(a) could not be invoked in *Lewis* because it "does not apply when the government is sued directly." *Id.* Accordingly, even assuming that *Lewis* precludes removal of this case under § 2679(d)(2), 28 U.S.C. § 1442(a) provides an alternative statutory basis for removal of this case. Plaintiffs' motion to remand therefore will be denied.

■ The Government's unopposed request to substitute the United States as third-party defendant and to dismiss the action as to the individual employees will also be granted. Although plaintiffs brought the action against the individually named federal employees, the Attorney General has certified that the federal employees were acting within the course and scope of their office or employment at the time of the incident. Consequently, pursuant to 28 U.S.C. § 2679(d)(2), the action "shall be deemed to be an action or proceeding brought against the United States . . ., and the United States shall be substituted as the party defendant." Moreover, the remedy against the United States provided by the FTCA for harm resulting

from the negligent or wrongful acts or omissions of federal employees is exclusive. 28 U.S.C. § 2679(b)(1). "Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee ... is precluded." *Id.*

Although the Attorney General's certification that the employees were acting within the course and scope of their employment is conclusive for purposes of removal, it "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee[s]." *Gutierrez de Martinez v. Lamagno,* — U.S. ——, ——, 115 S.Ct. 2227, 2236, 132 L.Ed.2d 375 (1995). Plaintiffs, however, have not contested the government's course and scope of employment certification. *See Brown v. Armstrong,* 949 F.2d 1007, 1012 (8th Cir.1991).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand, Document 11, is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's motion to substitute the United States as third-party defendant in place of Eldon Clark Oldnettle, Susan Anne (Sue) Baumer, Charles Peacock, and Willie Moore, Document 1, is **GRANTED.** The Clerk of Court shall amend the title of this action accordingly.

**IT IS FURTHER ORDERED** that the action is dismissed as to defendants Eldon Clark Oldnettle, Susan Anne (Sue) Baumer, Charles Peacock, and Willie Moore.