DUCKSON, CARLSON, BASSINGER, LLC

v.

The LAKE BANK, N.A., f/k/a Commercial State Bank of Two Harbors, N.A.; Commercial State Bancorporation; and Superior Financial Holding Corporation

v.

Todd A. Duckson, John Doe, and Mary Roe.

No. 01–CV–361 (JMR/RLE).

United States District Court, D. Minnesota.

April 24, 2001.

**1118**

Robert Edward Salmon, Erica Gutmann Strohl, Meagher & Geer, Minneapolis, MN, Ralph V. Mitchell, Jr., Duckson & Carlson, Minneapolis, MN, for plaintiff.

John Henry Strothman, David Lawrence Sasseville, Lindquist & Vennum, Minneapolis, MN, for defendant.

## ORDER

ROSENBAUM, District Judge.

The Court has reviewed the pleadings sua sponte to determine whether this matter was properly removed, pursuant to 28 U.S.C. §§ 1441(a) and 1446. Upon review, the Court finds it lacks subject matter jurisdiction, and remands the matter to the Hennepin County District Court.

### I. *Facts*

Plaintiff, Duckson, Carlson, Bassinger & Mitchell, LLC ("Duckson"), filed its complaint in Minnesota's Fourth Judicial District on January 17, 2001, setting forth state law claims of breach of express and implied contracts. *See* Pl. Compl. On February 7, 2001, plaintiff received defendants' answer and counterclaim. On February 8, 2001, defendants served a third-party complaint against Todd A. Duckson, John Doe, and Mary Roe.

Plaintiffs and third-party defendants then filed a removal petition on February 27, 2001, pursuant to 28 U.S.C. § 1441, claiming this Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331. They claim at least one of the defendants' counterclaims and the third-party complaint arise under the laws of the United States; specifically, that the counterclaim and third-party complaint allege violations of the National Bank Act, 12 U.S.C. § 21 et seq.

### II. *Analysis*

■ A case is properly removed to federal court only in certain circumstances when the district court has original jurisdiction of the matter. 28 U.S.C. § 1441; *In re Otter Tail Power Co.,* 116 F.3d 1207 (8th Cir.1997). The district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a case presenting a federal question would normally be properly removable to the district court. *See* 28 U.S.C. § 1441(b). *See also Otter Tail,* 116 F.3d at 1213. The well-pleaded complaint rule, however, requires that a federal cause of action be stated on the face of the complaint before a defendant may remove the action based on federal question jurisdiction. *Id.* (*citing Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542–43 (8th Cir.1996)).

■ The removal in this case is based on defendants' counterclaims and the third-party complaint. Federal question jurisdiction, however, is determined solely by the allegations contained in the plaintiff's complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It is well-established that a defendant cannot remove based on a counterclaim. *See Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985).

## A. *Plaintiff's removal*

■ Here, however, it is plaintiffs who are attempting removal. The issue then, is whether they may remove on the basis of defendants' counterclaims. There is no section in the statute that provides for removal by a plaintiff. *See* 28 U.S.C. § 1441. It is well-established that plaintiffs do not have a right of removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (holding that Congress, as evidenced by the plain language of the statute and the legislative history, did not intend for plaintiffs to have a right of removal); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642 (2nd Cir.1993) (holding plaintiffs had no right of removal). *See also* 14C Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure, § 3731 (3rd ed.1998) (stating plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them). Accordingly, removal of this action may not be based on a petition by plaintiffs.

## B. *Third-party defendants*

Next, the Court considers whether third-party defendants have the right to remove. The courts are split on whether "defendants," in the context of § 1441(a), means only defendants joined in the original complaint. *See Schmidt v. Association of Apartment Owners of Marco Polo Condo.*, 780 F.Supp. 699, 702 (D.Haw.1991) (collecting cases). The majority view is that the determination of who is a defendant is made with reference to the original complaint, not subsequent complaints. *Id.*

■ The few courts which allow removal by third-party defendants allow it only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). *See, e.g., Carl Heck Engineers v. La-fourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980) (holding third-party defendants sued under a separate and independent claim can remove). *But see Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir.1991) (holding that in almost all third-party cases, the third-party defendant may not remove under § 1441(c)). The Eighth Circuit Court of Appeals has held that the "remote, ancillary possibility of a third-party claim not yet matured" cannot constitute a basis for removal of a third-party claim "which is not separate and independent of the plaintiff's claim." *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir.1991) (adopting the Seventh Circuit's analysis that a third-party defendant may not remove under § 1441(c) in almost all cases). As the Eighth Circuit put it, "removal on such a basis is too much akin to the tail wagging the dog." *Lewis*, 926 F.2d at 733. Accordingly, third-party defendants were without authority to remove the case under these facts.

## III. *Conclusion*

Because this case was improperly removed, this Court lacks a basis upon which to invoke federal jurisdiction, and the matter is hereby remanded to the Hennepin County District Court.

IT IS SO ORDERED.